413 So.2d 564 (1982)
Emma J. CAGE
v.
SHAINBERG'S STORES OF LA., etc.
No. 14608.
Court of Appeal of Louisiana, First Circuit.
April 13, 1982.
*565 Byron Magbee, Baton Rouge, for plaintiff-appellee Emma J. Cage.
Robert J. Vandaworker, Baton Rouge, for defendant-appellant.
Before EDWARDS, LEAR and CHIASSON, JJ.
LEAR, Judge.
Plaintiff, Emma J. Cage, brought suit to recover damages for personal injury, which she sustained when she slipped and fell at a department store owned and operated by the defendant, Shainberg's Stores of Tennessee, Incorporated. Plaintiff alleges that she slipped on a clear, slick substance which was unseen by her until after the accident. Defendant denied fault or negligence and asserted plaintiff's contributory negligence and assumption of the risk. At the conclusion of a jury trial, a verdict was returned in favor of plaintiff in the amount of $5,000.00. Defendant then appealed. Plaintiff has answered the appeal by requesting that the judgment appealed from be modified to increase the amount of damages from $5,000.00 to $15,000.00.
On appeal, defendant alleges the following errors:
1. The plaintiff failed to prove damages which would justify the verdict of $5,000.00;
2. The court erred in failing to charge the jury on the presumption created by the plaintiff's failure to call certain witnesses and to produce certain evidence within her control;
3. The court erred in charging the jury that the jurors could, in considering the amount of damages, take into consideration the "decreased purchasing power of the dollar."
Defendant's liability and the fact of plaintiff's injuries have not been placed at *566 issue by defendant on appeal. The only factual question raised by defendant is whether the evidence supports the amount of the jury's verdict.
With regard to this issue of quantum, Louisiana Civil Code Article 1934(3) states, in part:
"In the assessment of damages under this rule, as well as in cases of offenses, quasi-offenses and quasi-contracts, much discretion must be left to the judge or jury ..."
A jury is granted great discretion in fixing an award for general damages which cannot be fixed with any degree of certainty, such as pain and suffering. In such cases, our review must be limited to a determination of whether the jury has abused its discretion, based on the circumstances of the case. Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1977); Rheams v. McCray, 346 So.2d 834 (La.App. 1st Cir. 1977); Averett v. Alexander, 336 So.2d 227 (La.App. 1st Cir. 1976). And, since the jury does have much discretion in fixing damages, the appropriate procedure for testing whether the jury abused its discretion is to determine whether the award can be supported under the interpretation of the evidence most favorable to the plaintiff which reasonably could have been made by the jury. Schexnayder et ux. v. Carpenter et al., 346 So.2d 196 (La.1977); Bevil v. Heath Timber Company, Inc., 347 So.2d 889 (La. App. 3rd Cir. 1977).
Plaintiff testified that this accident occurred when she slipped on a clear liquid substance and fell to the floor striking her head and shoulders against the shelves and landed on her back. This accident occurred approximately ten days after she had undergone hemorrhoid surgery. Following her fall, plaintiff was examined by Dr. Roy Regan, who stated that plaintiff had minor contusions on the left hand and hip. X-rays were taken which revealed no fractures or other abnormalities, and Dr. Regan gave plaintiff a prescription to relieve her pain. Later that day her pain became more severe and she returned to Dr. Regan on the following day, complaining of arm and leg pain and headaches. She returned to Dr. Regan again four days later continuing to complain of headaches and pain in her mid and upper back, left upper arm and hip. At this time Dr. Regan noted a "small bluish bruise" below plaintiff's left knee. At that time Dr. Regan felt that plaintiff had improved sufficiently and he released her. Plaintiff continued to suffer pain and headaches, however, and subsequently consulted Dr. Stephen Wilson, an orthopedic surgeon. She told Dr. Wilson that, while she did not think she was severely injured immediately after the accident, the pain in her neck and upper back had gradually grown worse. Dr. Wilson found muscle and ligament strain to plaintiff's neck and upper back, and advised her to perform certain exercises and to take a mild pain medication. Plaintiff returned to Dr. Wilson approximately three weeks later, continuing to complain of pain in the mid back area. At that time she was given an injection of cortisone.
Plaintiff was also examined by Dr. James T. Kilroy, an orthopedic surgeon, whose sworn statement was read into the record, without objection. Dr. Kilroy also found plaintiff to have suffered a lumbosacral strain and recommended physical therapy with deep heat, ultra sound and traction for two weeks.
Plaintiff testified that this accident caused her to miss approximately fourteen days of work, and lost wages of approximately $450.00. Mr. David Malcolm Medlin, a C.P.A. and the Assistant Finance Director for the City of Baton Rouge, where plaintiff worked, confirmed plaintiff's testimony with regard to the amount of time she lost from work. We note that there was some controversy as to when plaintiff was to have returned to work following her hemorrhoid surgery, and whether this accident caused her to actually lose additional time from work. Plaintiff testified at the trial that, while no specific date was set for her return to work after the hemorrhoid surgery, she expected to be back at work within three to four weeks following the surgery. Defendant, however, points out that *567 plaintiff stated in a pretrial deposition that her absence from work due to her surgery was to last approximately six weeks.
The jury's award was made in a lump sum, with no specific amount set for lost wages. Because of this we are unable to determine whether any award was, in fact, made to plaintiff for lost wages. However, assuming that the general award did include an amount for lost wages, we do not find it unreasonable for the jury to have accepted plaintiff's testimony at trial and concluded that this accident cost her to miss an additional fourteen days of work.
Our review of this record leads us to conclude that, under an interpretation of the evidence most favorable to the plaintiff which reasonably could have been made by the jury, we find that the jury did not abuse its discretion in awarding plaintiff the lump sum of $5,000.00, which includes her medical expenses, lost wages, inconvenience and pain and suffering.
For the reasons expressed above, we believe that the jury's award was adequate, and certainly not so low as to constitute an abuse of its much discretion. Thus, we decline to raise the award on appeal.
Defendant next contends that the trial court erred in refusing to charge the jury concerning the presumption created by a party's failure to call certain witnesses.
Plaintiff testified that she consulted and was treated by a number of doctors following this accident. Included among these doctors were Dr. Jerome Tanner, who had performed plaintiff's hemorrhoid surgery prior to her accident. She also testified that she was examined by doctors at the emergency room of two local hospitals.
Plaintiff's petition for damages makes no mention of nor claims any damages for the aggravation of a pre-existing condition (her previous hemorrhoid surgery). The medical testimony at trial and the majority of plaintiff's testimony concerned her injuries in the upper back, neck and shoulder areas. While plaintiff did testify that this accident caused her a somewhat prolonged recuperation from her hemorrhoid surgery, we note that these were only incidental statements made in connection with plaintiff's main demand for damages caused directly by this accident. Therefore, with regard to Dr. Tanner, we do not believe that the trial court erred in refusing to instruct the jury that plaintiff's failure to call him should create an adverse presumption.
With regard to the other doctors who examined plaintiff, including the doctors at the emergency room of the two local hospitals, the record indicates that their testimony would have been merely cumulative. The three doctors whose testimony was offered by plaintiff are all treating physicians and were the doctors who rendered the majority of the treatment received by plaintiff. For this reason we do not believe that, as to these doctors not called by plaintiff, the trial court erred in refusing to give the adverse presumption charge requested by defendant.
Further, a litigant is required only to prove his case by a preponderance of the evidence and, if as here they do so, no unfavorable inference attaches to their failure to call additional witnesses. Penouilh v. Crain, 396 So.2d 947 (La.App. 1st Cir. 1980); Delafosse v. Industrial Painters, Inc., 199 So.2d 559 (La.App. 3rd Cir. 1967). And, even when an unfavorable inference attaches from a failure to call a witness, by itself it will not outweigh sworn evidence accepted as credible by the trier of fact. Delafosse v. Industrial Painters, Inc., supra.
Defendant next argues that the trial court erred in charging the jury that they could take into consideration the decreased purchasing power of the dollar in considering the amount of damages to be awarded. We disagree, however, and find that our law recognizes that the decreased purchasing power of the dollar, due to inflation, is a proper element for consideration in determining the award in a tort action. Zagar v. Romero, 134 So.2d 696 (La.App. 3rd Cir. 1961); Murphy v. Georgia Pacific Corporation, 628 F.2d 862 (5th Cir. 1980). We find therefore, that the trial court was correct in *568 allowing the jury to consider the decreasing purchasing power of the dollar due to inflation.
For the foregoing reasons, the judgment of the trial court is affirmed. All costs, both at trial and on appeal, are to be paid by defendant-appellant.
AFFIRMED.