SAVOIE, Judge.
Appellant, Jesse D. Lambert, appeals the Louisiana Civil Service Commission’s decision upholding his termination by the Department of Corrections.
Lambert was employed as a Corrections Security Officer by the Department of Corrections at the Louisiana Correctional and Industrial School at DeQuincy. On June 27, 1982, he worked the 9:30 P.M. to 5:30 A.M. shift in dormitory H-7 and H-8. Three persons escaped from the institution that night, including one, Jerry Carpenter, from H-8. Throughout his shift, Lambert failed to report Carpenter’s absence. As a consequence, Carpenter’s escape was not detected until approximately 7:00 A.M. on June 28, 1982. On September 22, 1982, Lambert was terminated on the ground that he failed to properly report the number of inmates in the dormitory under his supervision on the date of the escape.
Lambert appealed the termination to the Civil Service Commission. After a hearing on the matter, the Commission upheld Lambert’s termination. He appeals that decision.
ASSIGNMENTS OF ERROR
Appellant alleges that the Civil Service Commission erred in:
(1) concluding that Carpenter escaped prior to 5:30 A.M. on June 28, 1982, and that appellant was negligent in failing to report the escape;
(2) failing to invoke the presumption that Carpenter’s testimony would have been adverse to the appointing authority since he was not called; and
(3) upholding the termination of appellant.
ASSIGNMENT OF ERROR NO. 1
The scope of review of a Civil Service Commission decision extends to both the law and the facts. La. Const, art. 10, § 12. The standard of review of decisions of the Commission is the same as that in any other civil case. Thus, the findings of fact of the Commission must be afforded great weight and will be upheld absent manifest error. Brook v. Louisiana State University, Baton Rouge Campus, 405 So.2d 1216 (La.App. 1st Cir.1981).
A hearing was conducted by the Civil Service Commission at which the following findings of fact were made. Carpenter, one of thirteen white males, was assigned to dormitory H-8 at the time of the incident. Carpenter was not in the dormitory at any time from 10:00 P.M. until 5:00 A.M. according to the testimony of three other inmates assigned to H-8. Carpenter had not been called out of the dormitory for any reason during Lambert’s shift. Carpenter’s escape was initially discovered by an officer on the next shift between 5:30 A.M. and 6:00 A.M. on June 28, 1982.
From the foregoing facts, the Commission found that Carpenter escaped before 5:30 A.M. on June 28, 1982, and that Lambert had given an inaccurate head count during his shift. The evidence supports the conclusions of the Commission. The only evidence to the contrary was the testimony of appellant, Lambert.
ASSIGNMENT OF ERROR NO. 2
Appellant alleges that the Commission erred in finding that the appointing authority had carried the burden of proof when it failed to call Carpenter to testify. He argues that the failure to call Carpenter gives rise to the presumption that his testimony would have been unfavorable to the appointing authority.
We find that the appointing authority did prove its case by a preponderance of the evidence based upon the findings of the Commission. Therefore, no unfavorable inference should attach to the failure to call Carpenter. Even if an unfavorable infer *1342 ence was to be attached to the failure to call this witness, that in itself will not outweigh sworn evidence accepted as credible by the trier of fact. Cage v. Shainberg’s Stores of La., 413 So.2d 564 (La.App. 1st Cir.1982). Thus, the Commission did not err in failing to find for appellant on the basis that Carpenter did not testify.
ASSIGNMENT OF ERROR NO. 3
Finally, appellant contends that the Commission erred in upholding his termination. Basically, appellant here argues that termination was too severe a penalty for this offense.
“While a person who has gained permanent status in the classified state service may be subjected to disciplinary action, such as dismissal, if the conduct complained of by the appointing authority impairs the efficiency of the public service and bears a real and substantial relation to efficient and orderly operation of the public service in which the employee is engaged, (Leggett v. Northwestern State College, 242 La. 927, 140 So.2d 5 (1962)), the burden of proving that the action taken against the disciplined employee was proper and warranted falls on the appointing authority.” Dent v. Department of Corrections, Louisiana Correctional Institute for Women, 413 So.2d 920 (La.App. 1st Cir.1982).
Testimony at the hearing was to the effect that the primary duty of security officers at the institution was to keep a proper count of the offenders under their supervision. The purpose of the institution was to maintain custody of the offenders assigned there. This task is impossible to achieve if an accurate count is not provided by each officer.
For some reason, appellant failed to report the absence of one of the inmates charged to his supervision. The escape of two others was discovered at approximately 9:30 P.M. on June 27,1982. The absence of Carpenter was not discovered until after 5:30 A.M. on June 28, 1982, although appellant was asked several times during his shift to verify the count in his area. Appellant’s action clearly impaired the efficiency of the “chase” operation in the finding of the escapees.
This case is remarkably similar to Dent v. Department of Corrections, supra, wherein a guard was found asleep at her post at the Louisiana Correctional Institute for Women. Therein, we held:
“Reviewing the fact findings of the Civil Service Commission for manifest error, we find the conclusion that Ms. Dent was asleep is amply supported by credible evidence. Even if Ms. Dent had not been asleep, she was so inattentive as to be unaware of the entry of her supervisor into the room. Her job was to maintain an alert surveillance of prisoner movements and her failure to do so could seriously have endangered her life, the lives of her fellow workers, and the lives of prisoners.
“Her inattentiveness was ample cause for dismissal.”
Likewise, the false report of the inmate count herein was ample cause for appellant’s dismissal.
For the above and foregoing reasons, the decision of the Commission is affirmed. All costs are to be paid by appellant.
AFFIRMED.