SAVOIE, Judge.
Appellant, Denise Licausi, in proper person, appeals her suspension (83 CA 1317) and termination (83 CA 1318) by appellee, Department of Health and Human Resources, Office of Health and Environmental Quality. The Civil Service Commission affirmed both the suspension and termination.
Licausi was employed from August 23, 1979 until July 10, 1981, as a Sanitarian I with the Department of Health and Human Resources, Jefferson Parish Health Unit. Her working hours were from 8:00 A.M. to 4:30 P.M., Monday through Friday. Licau-si was responsible for inspecting various types of establishments and submitting reports on each inspection. Most of the day was spent in the field conducting inspections, but some office work was necessary in the early morning and late afternoon.
Licausi was suspended by Harold A. He-itkamp, Assistant Secretary, by letter dated May 23, 1980. The suspension was effective from May 24,1980 through June 22, 1980. The suspension resulted from two separate incidents involving falsification of inspection reports. An inspection report, dated January 30, 1980, on Big John’s Foodland was not signed by the owner, although a purported signature had been placed on the form. Licausi was charged with placing or allowing another to place the false signature on the form. On March 3, 1980, Licausi conducted an inspection of a Pizza Hut located in Kenner. She admitted placing the signature of the owner/manager on the bar inspection form. The letter of suspension also mentioned a letter of reprimand dated April 17, 1980, for repeated deviations from office procedures and supervisory directives.
Notice of appeal of the suspension, postmarked June 20, 1980, was filed on June 23, 1980, with the Civil Service Commission. Licausi alleged that the questioned signature on the Big John’s inspection report had been written over several times and that she did not remember noticing anything about it when it was made. Further, she claimed that no one told her that she was accused of making the signature when it was shown to her. Regarding the Pizza Hut incident, Licausi maintained that she did inspect it, but was out of bar inspection forms. Upon her subsequent return to the office, she filled out a form and signed Mr. Tromontana’s name. She asserted that this was not an attempt to falsify anything, but rather a mere attempt to substantiate the inspection. Finally, Li-causi averred that she had been vindictively and unnecessarily singled out.
Licausi was discharged by Mr. R.K. Banks, Acting Assistant Secretary, by letter dated July 9, 1981. The dismissal was effective at 4:30 P.M. on July 10, 1981, or upon receipt of the letter, whichever occurred first. As cause for the action, Li-causi was charged with lack of adaptation to authority, chronic tardiness, leave abuse, falsification of agency records and inappropriate conduct while on official duty.
*150 Notice of appeal of the termination was filed on August 6,1981. Licausi denied the charges and in the alternative averred that the charges were not cause for termination. She further alleged that she was the victim of discrimination. She asked to be reinstated to her position with full back pay, rights and privileges and attorney’s fees.
ACTION OF THE COMMISSION
Pursuant to Civil Service Rule 13.23, the two appeals were consolidated. A public hearing was held on March 1, 1982, and April 6, 1982, in New Orleans before a referee appointed by the Civil Service Commission. The referee maintained the suspension and termination in an opinion dated December 30, 1982. The Civil Service Commission affirmed the decision of the referee on July 14, 1983. Licausi appeals that decision.
ASSIGNMENTS OF ERROR
Licausi alleges that the Civil Service Commission erred in:
1. consolidating the suspension and dismissal appeals without allowing a separate hearing on the suspension;
2. sustaining the suspension because the burden of proof was not met;
3. failing to find that the suspension was too harsh;
4. untimeliness and complete contrast of the 1981 job service rating as compared to the 1980 service rating;
5. giving less weight to testimony of appellant and her witnesses than that afforded appellee’s witnesses; and
6. failing to find that the referee allowed improper introduction of documents into evidence over appellant’s objections.
I.
Licausi assigns as error the Commission’s consolidation of the suspension and dismissal appeals. The consolidation of two or more appeals which involve similar or related circumstances is allowed by Civil Service Rule 13:23. Clearly, the circumstances surrounding the suspension and dismissal are similar or related. The consolidation did not affect Licausi’s rights since she was afforded a full hearing on the suspension appeal, as well as the dismissal appeal. Accordingly, this assignment of error is without merit.
II.
Licausi alleges that the suspension should have been overturned by the Commission since the appointing authority did not meet its burden of proof.
“The scope of review of a Civil Service Commission decision extends to both the law and the facts. La. Const, art. 10, § 12. The standard of review of decisions of the Commission is the same as that in any other civil case. Thus, the findings of fact of the Commission must be afforded great weight and will be upheld absent manifest error.” Lambert v. Department of Corrections, Louisiana Correctional and Industrial School, 451 So.2d 1340 (La.App. 1st Cir. 1984).
The appointing authority’s reasons for suspending Licausi were enumerated in the May 23, 1980 letter. The contents of the letter have been previously set forth. Evidence was presented at the hearing to substantiate the charges against Licausi. The referee found that the appointing authority proved the charges listed in the letter of suspension. The Commission agreed with the referee’s finding. The record reveals that Ms. Licausi did, in fact, allow falsification of a signature, did with or without his authority sign Mr. Tramon-tana’s name, and did deviate from office procedures and directives. We find no manifest error in the conclusions of the Commission. This assignment of error has no merit.
III.
In her third assignment of error, Licausi contends that the suspension was too harsh. In support of her contention, she *151 argues that since there was no written policy regarding the situation with the Pizza Hut inspection report, her action in signing the owner’s signature was not technically wrong. Therefore, she concludes the suspension was too harsh. Further, she continued to deny the charge relative to the Big John’s inspection report, but did not discuss the matter.
The falsification of agency records is a very serious matter. The accuracy of the sanitarian’s reports is essential to the efficient and orderly operation of the agency. Although there may have been no written policy on this point, anyone should know that signing another person’s name without permission of both the person and the supervisor is not proper. Ms. Licausi might well have been terminated for her actions. We do not find that the suspension was too harsh under the circumstances. See Lambert, supra. This assignment has no merit.
IV.
The fourth assignment of error concerns the untimeliness and contrast of Li-causi’s 1981 service rating as compared to the 1980 service rating. The timeliness and correctness of the 1981 service rating was not an issue in the case. If Ms. Licau-si had any complaints about her service rating, she should have taken the matter to the Commission at the proper time.' As this question is not properly before the court, it will not be considered at this time.
V.
Licausi alleges that the Commission erroneously gave more weight to the testimony of appellee’s witnesses than was accorded to her and her witnesses.
It is the duty of the referee (trier of fact) to listen to the testimony and if a conflict exists, to make reasonable evaluations of credibility and reasonable inferences of fact. The appellate court must not disturb the findings of the referee in the absence of manifest error. The reason for this standard of review is the referee is in a better position to evaluate live witnesses whereas the appellate court’s review is limited to a cold record. Canter v. Koehring Company, 283 So.2d 716 (La.1973).
Copies of any books, records, papers or other documents of any of the executive and administrative departments, boards, and agencies of this state, and copies of any books, records, papers, or other documents of any of the political corporations, bodies politic, boards, departments and agencies of this state and the *152 parishes and municipalities thereof, when certified as being true copies by the official, officer or employee in whose custody they may be, shall be admitted in evidence in all courts of this state, equally with the originals of such books, records, papers or other documents.
*151 We find no manifest error on the part of the referee or the Commission and we agree with their conclusion. This assignment is without merit.
VI.
Finally, Licausi alleges that documents were improperly introduced over her objections at the hearing. Ms. Licausi fails to do more than make allegations. She gives no argument or legal reason for excluding the questioned documents. In fact, all that she does is to make references to her attorney’s objections at the hearing by reference to the transcript before wandering into a discussion about office politics.
After carefully reviewing the record, we conclude that Ms. Licausi’s allegation is meritless. She referred to approximately eleven objections made by her attorney at the hearing. On two occasions, an objection was made and nothing was introduced at that time. A witness’ use of notes was objected to because the attorney had not seen the notes. He was then allowed to see the notes, making the objection moot. The remaining objections primarily involve the introduction of photocopies rather than original documents.
All of the documents were records of the appointing authority. Copies of any records, papers or other documents of any state agency, when certified as being true copies by the official custodian, are to be admitted into evidence equally with the originals of the same, pursuant to L.S.A.R.S. lS^H.[1] Appellee introduced a certif *152 icate of Mr. Fox wherein he stated that he was the official custodian of the records and that the copies of the documents were true copies of the official records. This certificate was introduced in conjunction with all of the copies of the agency’s documents. This assignment is without merit.
Ms. Licausi’s pro se assignments of error address only her suspension and not her termination although the relief sought by her requests the reversal of both. Turning to the question of termination, then, we find that fifteen findings of fact were made by the referee. These findings included those previously discussed in this opinion and also chronic tardiness, coarse and abrasive language to a superior and to the public, and claims for excessive mileage. Additionally, the record reflects Ms. Licau-si’s actions were generally disruptive. Ms. Licausi’s response is that although she was tardy, others were tardy also; that although she did not get along with her supervisor, Ms. Williams, it was Ms. Williams’ fault; that although she used abusive language, others did also. She argues that she was being singled out for punishment. Basically, appellant argues that termination was too severe a penalty for her offenses.
“... a person ... in the classified state service may be subjected to disciplinary action, such as dismissal, if the conduct complained of by the appointing authority impairs the efficiency of the public service and bears a real and substantial relation to efficient and orderly operation of the public service in which the employee is en-gaged_” Lambert, supra.
The record amply supports the conclusion that Ms. Licausi’s actions were disruptive of the efficient and orderly operation of the Jefferson Parish Health Unit. As such, we find no error in her termination.
For the foregoing reasons, the judgment of the trial court is affirmed. Costs are to be borne by appellant.
AFFIRMED.

. Article 13:3711 provides: