CLEON A. CANNIZZARO, JR., Judge.
Joy Williams appeals the decision of the Civil Service Commission for the City of New Orleans, which upheld the New Orleans Department of Utilities’ termination of her civil service employment. At the time, Ms. Williams wás employed as an Office Assistant III with permanent status.
FACTS AND PROCEDURAL HISTORY
Ms. Williams was working in the taxicab permit department as a counter clerk when a New Orleans Police Department raid resulted in her arrest, along with the arrest of numerous taxicab drivers and other City employees, for the criminal offense of public bribery.
The First Disciplinary Action: Public Bribery
As a result of her arrest for public bribery, the Department of Utilities notified Ms. Williams that she was placed on emergency suspension for one hundred and twenty days. Ms. Williams appealed the disciplinary action.
At the hearing in connection with The suspension, Detective. Michael Walsh, the chief investigator for the City of New Orleans, testified that Ms. Williams issued a taxicab permit to Mr. Ismail Khan even though he did not meet the ^requirements necessary to obtain a permit.. As a result, *28 Ms. Williams and her two supervisors were arrested for public bribery. Detective Walsh noted that there was no evidence that Ms. Williams had bribed anyone or had received any bribe money. Rather, according to Detective Walsh, the investigation revealed that Ms. Williams’ supervisors profited from the bribes.
Andrea Johnson, Principal Analyst for the Department of Utilities, testified that Ms. Williams was suspended because she had been arrested for public bribery and that any further disciplinary action would be decided after the investigation.
Ms. Williams testified and admitted that she issued permits to people who did not meet the requirements for a taxicab permit: applicants who had not taken and passed the written exam; had not taken and passed a drug screen; and had not submitted to a criminal background check. Ms. Williams further testified that she recognized that, at the time, issuing taxicab permits to those who had not met the requirements was wrong. Ms. Williams claimed, however, that she issued such permits only on the orders of her supervisor, Mr. Freddie Sims, and upon confirmation from the major supervisor, Mr. Brian Cain.
The hearing examiner concluded in the suspension case that the City of New Orleans had failed to produce any evidence of bribery, but noted that there may have been malfeasance on Ms. Williams’ part.
The Second Disciplinary Action: Malfeasance
Prior to the issuing of the hearing examiner’s recommendation in the suspension case, the Department of Utilities notified Ms. Williams that a pre-termination hearing was scheduled. The Department of Utilities charged Ms. Williams with malfeasance for processing eleven taxicab permit applications of ^ineligible persons. Ms. Williams did not attend the pre-termi-nation hearing on the advice of her attorney.
The Department of Utilities notified Ms. Williams that her employment was terminated for her failure to maintain standards of service. Ms. Williams appealed the disciplinary action.
A hearing was held, and the parties stipulated that the testimony taken in connection with the suspension hearing should be admitted. In addition, Detective Walsh was called as a witness regarding the grounds for Ms. Williams’ termination. Detective Walsh testified that an additional eleven taxicab permits were issued by Ms. Williams to persons who did not meet the necessary qualifications. Again, Detective Walsh testified that there was no evidence that Ms. Williams directly took a bribe in exchange for a taxicab permit.
The City of New Orleans also called the former Director of the Department of Utilities, Mr. Paul May, as a witness. Mr. May testified that Ms. Williams’ suspension was for one case of improperly issuing a permit, and her termination was for an additional eleven cases of improperly issuing permits.
In the termination case, the hearing examiner found that the Department of Utilities failed to prove that Ms. Williams’ actions rose to the level of termination. He recommended a one hundred and twenty day suspension for malfeasance and again noted that there was no evidence of bribery but concluded that Ms. Williams was working in a corrupt environment and should have blown the whistle on her immediate supervisors.
The Civil Service Commission, however, rejected the hearing examiner’s recommendation and upheld Ms. Williams’ termination, stating:
*29 |4The Appellant must accept responsibility for her actions. At the very least, she should have refused to participate in activities that she knew to be wrong. All civil service employees should know that civil service rules protect them from retaliation for reporting or refusing to participate in prohibited activities. They are not required to comply with directions that they know to be wrong.
This appeal followed.
STANDARD OF REVIEW
An employee who has gained permanent status in the classified city civil service cannot be subjected to disciplinary action by his/her employer except for cause expressed in writing. La. Const. art. X, § 8(A); Walters v. Department of Police, 454 So.2d 106 (La.1984). The employee may appeal from such disciplinary action to the City Civil Service Commission, and the burden of proof on appeal, as to the facts, is on the appointing authority. Id.; Goins v. Department of Police, 570 So.2d 93 (La.App. 4th Cir.1990).
“Cause” for the dismissal of a person who has gained permanent status in the classified civil service has been interpreted to include conduct prejudicial to the public service in which the employee in question is engaged or detrimental to its efficient operation. Walters v. Department of Police, 454 So.2d. at 113. The Civil Service Commission has a duty to decide independently from the facts presented whether the appointing authority has good or lawful cause for taking disciplinary action and, if so, whether the punishment imposed was commensurate with the dereliction. Id.
The Civil Service Commission’s decision is subject to review on any question of law or fact upon appeal to the appropriate court of appeal. La. Const, art. X, § 12(B). Thus, the reviewing court should apply the clearly wrong or Lmanifest error rule prescribed generally for appellate review in deciding whether to affirm the Civil -Service Commission’s factual findings. Walters v. Department of Police, 454 So.2d. at 113; Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). In reviewing the Civil Service Commission’s findings of fact, the court should not reverse or modify such a finding unless it is clearly wrong or manifestly erroneous. In judging the Civil Service Commission’s exercise of its discretion in determining whether the disciplinary action is based on legal cause and the punishment is commensurate with the infraction, the court should not modify the commission’s order unless it is arbitrary, capricious or characterized by an abuse of discretion. Id. at 112-14; See also Evans v. DeRidder Municipal Fire and Police Civil Service Board, 2001-2466 (La.4/3/02), 815 So.2d 61; Delpit v. New Orleans Dept. of Utilities, 2002-2008 (La.App. 4 Cir. 2/19/03), 841 So.2d 30.
In Newman v. Department of Fire, 425 So.2d 753 (La.1983), the Louisiana Supreme Court discussed the meaning of “arbitrary and capricious” in the context of a civil service commission hearing as well as the legal cause necessary to impose disciplinary action on a civil service employee. The Supreme Court stated:
Disciplinary action against a civil service employee will be deemed arbitrary and capricious unless there is a real and substantial relationship between the improper conduct and the “efficient operation” of the public service. The appointing authority (Superintendent) must demonstrate, by a preponderance of the evidence, that the conduct did in fact impair the efficiency and orderly operation of the public service.
Id. at 754.
In Bannister v. Department of Streets, 95-0404 (La.1/6/96), 666 So.2d 641. the *30 Louisiana Supreme Court again considered the meaning of “arbitrary and capricious” in the context of a civil service commission hearing and determined Rthat “arbitrary and capricious” means that there is no rational basis for the action taken.
DISCUSSION
On appeal, Ms. Williams argues (1) that termination was too severe a penalty and (2) that the Civil Service Commission should not have consolidated the charges against her.
After reviewing the record, we cannot say there was no rational basis for the action taken by the Civil Service Commission. Ms. Williams issued taxicab permits to eleven applicants who did not meet the necessary requirements with the knowledge that it was wrong to do so. She also failed to report the prohibited activities being conducted by her immediate supervisors in the taxicab bureau to the proper City of New Orleans’ authorities. These facts are undisputed. Although termination may appear to be a harsh penalty in the absence of a finding of public bribery on Ms. Williams’ part, the Civil Service Commission’s decision certainly was not arbitrary, capricious, or an abuse of discretion.
Furthermore, we cannot say that the factual findings were manifestly wrong or clearly erroneous considering that the parties stipulated to the facts regarding Ms. Williams’ actions. The stipulated evidence shows, minimally, that Ms. Williams knowingly issued taxicab permits to numerous ineligible persons in violation of the City of New Orleans’ requirements. An employee who fails to adhere to the rules and regulations she is charged with implementing clearly impedes the efficient operation of public service. The Civil Service Commission’s discussion of the protections that would have been afforded Ms. Williams had she come forward were essentially a review of civil service policy, not de facto punishment for Ms. Williams’ failure to act as a whistleblower.
|7The first assignment of error is without merit.
As to whether the Civil Service Commission should have consolidated the charges against Ms. Williams, Rule 13:23 of the Civil Service Rules allows for the consolidation of appeals.[1] Clearly, the circumstances surrounding Ms. Williams’ suspension and termination are similar or related. The emergency suspension was predicated on Ms. Williams’ arrest for bribery in connection with the processing of one taxicab permit application and to allow a full investigation to proceed. Ms. Williams’ termination occurred after the investigation revealed that she had improperly processed eleven additional applications. The consolidation of the appeals did not affect Ms. Williams’ rights as she was afforded a full hearing on the suspension appeal as well as a full hearing on the termination appeal. In fact, the parties stipulated to the introduction of the transcript of the suspension appeal at the termination appeal. Licausi v. Department of Health and Human Resources, 458 So.2d 148, 150 (La.App. 1 Cir.1984). This assignment of error is without merit.
CONCLUSION
Accordingly, we find that the decision of the Civil Service Commission was based on sufficient legal cause and was neither arbitrary, capricious, nor an abuse of discre *31 tion. Therefore, the decision of the Civil Service Commission is affirmed.
AFFIRMED.

. 13.23 Consolidation. When two or more appeals involve similar or related circumstances, the Commission may order a joint hearing of any or all the matters at issue in the appeals, or may order that all such appeals be consolidated.