| | | |
|---|---|---|
| **MUBASHIR MAQBOOL** | * | **NO. 2025-CA-0221** |
| **VERSUS** | * | **COURT OF APPEAL** |
| **CIVIL SERVICE COMMISSION** | * | **FOURTH CIRCUIT** |
| | * | **STATE OF LOUISIANA** |

\* \* \* \* \* \* \*

APPEAL FROM
CITY CIVIL SERVICE COMMISSION ORLEANS
NO. 9691
Hearing Examiner Mark Surprenant
\* \* \* \* \* \*
**Judge Rachael D. Johnson**
\* \* \* \* \* \*

(Court composed of Judge Daniel L. Dysart, Judge Paula A. Brown, Judge Rachael D. Johnson, Judge Karen K. Herman, Judge Nakisha Ervin-Knott)

**DYSART, J., DISSENTS AND ASSIGNS REASONS**

Mubashir Maqbool
5752 Bellaire Drive
New Orleans, LA 70124


APPELLANT


Christina L. Carroll
CITY OF NEW ORLEANS CIVIL SERVICES COMMISSION
1340 Poydras Street
Suite 900
New Orleans, LA 70112


COUNSEL FOR DEFENDANT/APPELLEE


**VACATED AND REMANDED**
October 14, 2025

Appellant, Mubashir Maqbool, appeals a November 8, 2024 decision of the New Orleans Civil Service Commission ("the Commission") denying his request for retroactive "extraordinary qualifications" pay pursuant to Civil Service Rule IV, § 2.7. For the following reasons, we vacate the decision of the Commission and remand with instructions.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The New Orleans Sewerage and Water Board ("SWB") promoted Appellant to the position of Senior Principal Engineer in December 2021. At that time, Appellant had 37 years of professional engineering experience and 34 years of supervisory experience, which SWB considered to be "extraordinary or superior qualifications." Appellant and SWB verbally agreed that SWB would request a starting salary above the minimum hiring rate for Appellant due to his qualifications. As per Civil Service Rule IV, § 2.7(a), an appointing authority (such as SWB) must request an employee's "extraordinary qualifications" pay from the Commission. Appellant accepted the Senior Principal Engineer position, believing that SWB would request a 3.75% salary adjustment on his behalf.

1

Appellant presumed that he was receiving the mid-level "extraordinary qualifications" pay throughout 2022 until January of 2023. However, upon reviewing his salary details in June 2024, he realized that he had not been receiving the "extraordinary qualifications" pay. Appellant brought this issue to the attention of Steven Giang, Manager of the SWB Network Engineering Department. Mr. Giang admitted to his oversight of failing to formally request Appellant's "extraordinary qualifications" pay in a June 5, 2024 inter-office memorandum to the SWB Human Resources Director:

> This memorandum is to let you know that inadvertently I missed sending a formal memo requesting mid-point salary to [Appellant] when he was promoted to a Senior Principal Engineer position within the Network/Drainage Engineering Department back in December 2021. We had agreed to grant him a mid-point salary above the minimum hiring rate of $96,370.00 at the time of his interview for Senior Principal Engineer position. As his credentials justify in granting him a mid-point salary. [sic].
>
> It was an oversight by me that the requisite paperwork was not submitted along with his promotion documents.
>
> . . .
>
> I am requesting you to adjust his base salary from the hiring date of December 20, 2021, with a base salary of $112,306.00, midpoint of pay grade 98.
>
> There were no other candidates on the register for a Senior Principal Engineer with the same or equivalent extraordinary qualifications as [Appellant] at the time of his promotion.

The SWB Human Resources Director informed Appellant that the Commission Personnel Director is ultimately in charge of granting an increased pay rate and that she opposed his retroactive pay increase. The Commission Personnel Director interpreted the phrase "upon appointment"[1] in the preamble of

---

[1] The preamble to Civil Service Rule IV, § 2.7 states that, "[s]ubject to the revocation of the Personnel Director, an appointing authority may pay an original, temporary, provisional or

2

Civil Service Rule IV, § 2.7 to preclude any retroactive awarding of "extraordinary qualifications" pay, even if the pay was warranted at the time of appointment.

On September 13, 2024, Appellant appeared at a regular Commission meeting to appeal the Commission Personnel Director's denial of the retroactive pay. The minutes of the meeting show that the Commission did not consider any of Appellant's supporting documentation because it was dated after the time of his appointment.

Specifically, the Commission refused to consider a September 5, 2024 email from David Callahan, the SWB Chief Administrative Officer, to the Commission Personnel Director. Though the Commission did not consider this email at its September 13, 2024 meeting, its contents are relevant and state the following:

> We believe it necessary to go on the record to further emphasize that our internal review of the circumstances determined that [Appellant's] supervisor, through an administrative error/oversight, failed to submit the form required. *We believe that [Appellant] possessed the qualifications exceeding minimum requirements at the time of the promotion, and his departmental leadership supported the action at that time* as affirmed by his Executive Department Head. The omission/error was through no fault of [Appellant].
>
> *We wish to ensure this information (via this e-mail) is made available to the Commission*, to the extent it may assist or inform any decision the Commission chooses to make on the matter.

(Emphasis added).

The Commission concluded that "[i]n terms of what the rule requires to reward someone with extraordinary qualifications pay, neither the department nor [Appellant] has provided sufficient documents that would justify retroactive application of superior qualifications pay." Consequently, the Commission deferred consideration of Appellant's request so that Appellant and SWB could

---

regular employee a pay rate of up to the midpoint of the pay range *upon appointment*, subject to the following conditions and limitations: . . . ." (emphasis added).

provide dated documentation from December 2021 evidencing SWB's intent to request the extraordinary qualification pay at the time of Appellant's appointment.

The Commission revisited Appellant's request during its November 8, 2024 regular meeting. There, the Commission Personnel Director informed the Commission that Appellant and SWB were unable to locate the requested relevant documentation from 2021. For that reason, the Commission unanimously denied Appellant's request.

On appeal, Appellant raises two assignments of error. The dispositive issue is whether the Commission erred in denying Appellant retroactive extraordinary pay, despite his superiors and the Commission determining that he possessed the minimum qualifications, experience, and/or credentials required, in violation of Civil Service Rule IV, § 2.7(a).

## STANDARD OF REVIEW

Decisions of the Commission are "subject to appellate review on any questions of fact or law." *Smith v. Civ. Serv. Comm'n*, 2019-0393, p. 3 (La. App. 4 Cir. 11/27/19), 286 So. 3d 458, 460 (quoting *Winford v. Dep't of Police*, 2009-0770, p. 4 (La. App. 4 Cir. 3/3/10), 33 So. 3d 949, 951). On appeal, this Court reviews the Commission's findings of fact under the "clearly wrong or manifest error standard of review," *Fuentes v. Dep't of Civ. Serv.*, 2019-1045, p. 2 (La. App. 4 Cir. 5/13/20), 300 So. 3d 40, 41 (quoting *Liang v. Dep't of Police*, 2013-1364, p. 8 (La. App. 4 Cir. 8/20/14), 147 So. 3d 1221, 1225), and accords "great deference" to Commission decisions regarding mixed questions of law and fact. *Fuentes*, 2019-1045, p. 2, 300 So. 3d at 41 (quoting *Orazio v. Dep't of Police*, 2019-0230, p. 7 (La. App. 4 Cir. 6/19/19), 275 So. 3d 340, 345, *writ denied*, 2019-01174 (La. 10/15/19), 280 So. 3d 609).

4

"[W]hen the Commission's decision involves legal issues such as jurisdiction, procedure, and interpretation of laws or regulations, 'appellate courts give no special weight to the findings of the trial court, but exercise their constitutional duty to review questions of law and render judgment on the record.'" *Orazio*, 2019-0230, p. 8, 275 So. 3d at 345 (alteration in original) (quoting *Achord v. Dep't of Fire*, 2018-0635, pp. 4-5 (La. App. 4 Cir. 12/27/18), 318 So. 3d 816, 819).

"[T]he appropriate standard of appellate review of actions[2] by the Civil Service Commission is to determine whether the conclusion reached by the Commission is arbitrary or capricious." *Daisy v. Plaquemines Par. Gov't*, 17-0076, p. 4 (La. App. 4 Cir. 8/30/17), 226 So. 3d 560, 563 (alteration in original) (quoting *Aucoin v. Dep't of Police*, 16-0287, p. 4 (La. App. 4 Cir. 3/29/17), 229 So. 3d 531, 533). "'Arbitrary and capricious' means that there is no rational basis for the action taken." *Id.*, 17-0076, p. 5, 226 So. 3d at 563 (quoting *Williams v. Dep't of Utils.*, 03-1473, p. 6 (La. App. 4 Cir. 1/28/04), 867 So. 2d 26, 30).

Here, the Commission contends that Appellant's assignment of error addresses a factual determination or an interpretation of fact and law, thus invoking the "manifest error/clearly erroneous" standard of review or warranting "great deference" to the Commission's decision. However, at issue in this case is not whether the Commission correctly interpreted Appellant's evidence, which would involve a finding of fact and would accordingly invoke the clearly erroneous standard. Rather, the question is whether the Commission should have considered Appellant's evidence at all in making its decision, thus involving review of an

---

[2] According to the federal Administrative Procedure Act, "'agency action' includes the whole or a part of an agency rule, order, license, sanction, relief, or the equivalent or denial thereof, or failure to act." 5 U.S.C. § 551(13).

5

agency's reasoning for its action. Accordingly, the arbitrary and capricious standard of review applies.

## DISCUSSION

Civil Service Rule IV, § 2.7(a) provides:

> Extraordinary or Superior Qualifications, Experience, Credentials
>
> Subject to the revocation of the Personnel Director, an appointing authority may pay an original, temporary, provisional or regular employee a pay rate of up to the midpoint of the pay range *upon appointment*, subject to the following conditions and limitations:
>
> (a) That the appointee possesses extraordinary or superior qualifications/credentials above and beyond the minimum qualifications, experience, and/or credentials required which have been verified and documented as job related, and that the amount of additional pay shall be justified based on an objective analysis of the additional financial advantage the increased hiring rate will provide to the city.

(Emphasis added).

The parties agree that the phrase "upon appointment" within the preamble of Civil Service Rule IV, § 2.7 means that an appointing authority must request extraordinary qualifications pay at or around the time of the employee's appointment. However, the crux of Appellant's assignment of error rests on whether the proof he provided of SWB's intent to request the extraordinary qualification pay at the time of his appointment is sufficient. Appellant argues that he met the relevant criteria to be granted the requested pay, as evidenced by the documentation he presented at the Commission's September 13, 2024 meeting. While the Personnel Director and the Commission determined that only documentation created during December 2021 is sufficient, this Court disagrees.

6

The Commission premises its position on: (1) policy considerations, (2) case precedent, and (3) the notion that granting Appellant relief would amount to an exception to Civil Service Rule IV, § 2.7.

The policy considerations the Commission cites are "the potential for appointing authorities to engage in political favoritism using extraordinary qualifications pay" and "concerns about abuse and prohibited donations." Though Civil Service Rule IV, § 2.7 is surely designed to uphold this valid and compelling public policy, it is unclear why only evidence created in December 2021 would be adequate to safeguard against abuse and political favoritism. Moreover, there is nothing in the record to suggest that SWB is engaging in political favoritism or that there are concerns regarding abuse and prohibited donations.

The Commission primarily relied upon two cases to illustrate its historical reluctance to award retroactive "extraordinary qualifications" pay: *Fuentes*, 2019-1045, 300 So. 3d 40, and *Smith*, 2019-0393, 286 So. 3d 458. Each of these cases are factually distinguishable from the case *sub judice*. Both involve Rule IV, § 2.7(d), which requires that employees with the same or equivalent credentials receive the same pay.

In *Fuentes*, this Court affirmed the Commission's application of Rule IV, § 2.7(d), determining that an employee was not entitled to a compensation adjustment to match that received by another employee. 2019-1045, pp. 3-4, 300 So. 3d at 42. Mr. Fuentes was the Personnel Division Chief of the Human Resources Department for the New Orleans Department of Parks and Parkways. He requested that his qualifications, experience, and credentials be considered in comparison to those of Mr. Matthews, the Personnel Division Chief of the Human Resources of the New Orleans Public Library. Mr. Fuentes asserted that because he

occupied the same job classification as Mr. Matthews, his salary should be adjusted to match Mr. Matthews'. *Id.* at p. 1, So. 3d at 41. The Commission found that Mr. Matthews, who had a Master's degree and 30 years of experience, was more qualified and had more relevant experience than Mr. Fuentes, who had a Bachelor's degree and 15 years of experience. Accordingly, the Commission denied Mr. Fuentes' request for increased pay based upon "extraordinary qualifications." *Id.* at p. 2, So. 3d at 42. On appeal to this Court, we held that the Commission was not clearly wrong in making this determination and affirmed the Commission's decision. *Id.* at pp. 3-4, So. 3d at 42.

In *Smith*, this Court affirmed the Commission's application of Rule IV, § 2.7(d), declining to award retroactive extraordinary pay. 2019-0393, p. 6, 286 So. 3d at 461. There, Department of Civil Service Personnel Administrator Ms. Smith requested consideration of retroactive extraordinary pay based on the fact that a New Orleans Police Department Human Resource Administrator, Mr. Pierce, was receiving a higher salary than her. Ms. Smith asserted that the two possessed the same or similar qualifications, experience, and/or credentials and occupied positions in the same job classification. *Id.* at pp. 2-3, 286 So. 3d at 458-59. The Commission "recognized Appellant was a valued employee and, for that reason, increased [Ms. Smith's] pay as an exception to Rule IV, § 2.7(d)." *Id*. at p. 6, 286 So. 3d at 461. However, the Commission did not award this pay retroactively, so Ms. Smith appealed to this Court. On appeal, to determine whether Rule IV, § 2.7(d) should have been applied retroactively, this Court laid out the job descriptions of both employees and demonstrated that Mr. Pierce indeed had more duties and responsibilities than Ms. Smith. Since the two employees did not occupy positions in the same job classification, the circumstances did not trigger

8

application of Rule IV, § 2.7(d). *Id.* at pp. 5-6, 286 So. 3d at 460-61. Accordingly, this Court stated that the Commission was not clearly wrong or manifestly erroneous for declining the Appellant's request for retroactive pay. *Id.* at p. 6, 286 So. 3d at 461.

*Fuentes* and *Smith* are not analogous to the instant matter, given that those cases involve a Rule that is triggered by circumstances not present in the case *sub judice*. While § 2.7(d) requires that employees with the "same or equivalent" credentials receive the same pay, § 2.7(a) simply states that employees with extraordinary qualifications can receive a starting pay rate of up to the midpoint of the pay range upon appointment.

Further, the *Fuentes* Court did not address the issue of retroactive pay whatsoever. Mr. Fuentes was merely "requesting an increase in pay to match that received by" Mr. Matthews; no mention is made of retroactive pay. *Id.* at p. 1, So. 3d at 41. Though the Commission used this case to illustrate its reluctance toward awarding retroactive pay, the case does not demonstrate this.

Similarly, although the *Smith* case includes a party who is requesting retroactive pay, this Court's affirmation of the Commission's denial to grant the retroactive pay was on grounds unrelated to the retroactivity of the pay. Instead, the reasoning for denying Ms. Smith's request was based on the fact that the employees did not occupy positions within the same job classification, as demonstrated by the duties and responsibilities of Ms. Smith's job compared to those of Mr. Pierce's. The increased pay which the Commission awarded her was based upon her individual value as an employee and not to comport with the requirements of Rule IV, § 2.7(d). In fact, the reasoning of this case never mentioned the policy considerations which the Commission included in its brief,

9

suggesting that the Commission did not consider relevant the potential for abuse or political favoritism.

The Commission also argues that granting Appellant relief would improperly create an exception to Rule IV, § 2.7(a). The Commission avers that because the Rule states that an appointing authority must pay the "extraordinary qualifications" pay "upon appointment" (subject to the revocation of the Commission Personnel Director), this means that any retroactive awarding of the pay would create an exception to the Rule.

It is more accurate to say that Appellant seeks retroactive application of Rule IV, § 2.7(a) in order to receive pay to which he was entitled, yet did not receive through no fault of his own. The language of the Rule does not bar retroactive application if the necessary conditions were present at the time of the appointee's appointment. Appellant's attempt to provide documentation (specifically, Mr. Giang's memorandum and Mr. Callahan's email) to the Commission was to prove that the necessary conditions were indeed present at the time of his appointment.

The Commission's argument that Appellant seeks an exception to Rule IV, § 2.7(a) belies its original position, namely, that the proof Appellant presented did not meet the requirements of Rule IV, § 2.7(a). As is reflected in the Commission meeting minutes, the Commission was not concerned that retroactive application of the Rule would improperly create an exception, but rather, it was concerned that Appellant did not have sufficient proof to properly justify retroactive application. Thus, if Appellant had presented the Commission with what it considered to be the "right" proof, it would seemingly have applied the Rule retroactively without concern of creating an exception.

This Court does not find the Commission's arguments on appeal compelling. In its arguable attempt to avoid creating an exception to the Rule, the Commission invented an unnecessary threshold which any evidence must meet in order to prove that the requirements of the Rule applied when Appellant was appointed.

Messrs. Giang and Callahan avowed in no uncertain terms SWB's intent to request the "extraordinary qualifications" pay at the time of Appellant's appointment. The only aspect of this evidence that the Commission regarded as insufficient was the date of creation of Mr. Giang's memorandum and Mr. Callahan's email, since both were created after Appellant's appointment. As stated above, the Commission contended at its September 13, 2024 meeting that "*[i]n terms of what the rule requires* to reward someone with extraordinary qualifications pay, neither the department nor [Appellant] has provided sufficient documents that would justify retroactive application of superior qualifications pay" (emphasis added). Yet, Rule IV, § 2.7 does not require an appointing authority seeking a pay increase for its appointee – whether at the time of appointment or retroactively – to produce documentation dated at the time of appointment to illustrate the appointing authority's intent to request "extraordinary qualifications" pay. The Commission never references a specific part of the Rule that supports this strict evidentiary requirement. As such, it is unclear why the Commission concluded that only documentation created at the time of appointment is relevant or reliable for purposes of retroactive application.

Despite its intent to safeguard against abuse and political favoritism, the Commission's proposed application of Rule IV, § 2.7 leads to inequitable results under the unique facts of this matter while also ignoring alternative methods to ensure that the evidence produced is authentic. For example, the Commission

could have allowed SWB to provide an affidavit attesting to its intent to request the pay at the time of Appellant's appointment. The Commission's argument leads to the position that any evidence created after an event is unreliable and should not be taken into consideration, which goes against the widely accepted use of post hoc evidentiary devices such as affidavits, depositions, and testimony.

The Commission's refusal to consider any evidence from after December 2021 showing SWB's intent to request the extraordinary qualifications pay on behalf of Appellant was arbitrary and capricious. As stated above, the threshold for "arbitrary and capricious" is that the agency had "no rational basis for the action taken." The Commission refused to consider the supporting evidence that Appellant presented (i.e., the documents from his supervisors and superiors at SWB) and instead created a condition that any evidence must be from December 2021 to be valid without providing any clear reasoning. The Commission's determination that Appellant's evidence did not meet its excessive standard, and then denying Appellant's request on that basis, was arbitrary.

### DECREE

For the foregoing reasons, the Civil Service Commission's November 8, 2024 decision, denying Mubashir Maqbool's request for consideration of the Sewerage and Water Board's prior request to award retroactive "extraordinary qualifications" pay for Mubashir Maqbool, is vacated. This matter is remanded to the Civil Service Commission for the purpose of considering the documentation presented by Appellant to determine whether he qualifies for extraordinary qualifications pay pursuant to Civil Service Rule IV, § 2.7(a).

**VACATED AND REMANDED WITH INSTRUCTIONS**