PONDER, Judge.
This is an appeal from the decision of the State Civil Service Commission denying plaintiff some claimed back pay.
The sole issue is the denial of back pay to plaintiff from May 19, 1982 to August 3, 1982.
We affirm.
Plaintiff, a classified employee of the Department of Health and Human Resources, Belle Chasse State School, has permanent status. On July 23, 1981, she was suspended from duty and pay pending an investigation of alleged resident abuse on June 21, 1981. After investigation, plaintiff’s employment was terminated effective September 9, 1981. Both actions were appealed and a hearing was scheduled for April 8, 1982. At the request of plaintiff’s counsel, the hearing was continued until May 19, 1982. Thereafter, the hearing was rescheduled for July 8, 1982, at the Department’s request. At that time the Department of Health and Human Resources submitted a letter to the Commission requesting the reinstatement of plaintiff, because of inability to secure the attendance of two main witnesses. At the hearing on August 3, 1982, and pursuant to Civil Service Rule 15.10(c),[1] the Commission approved the rescinding of the disciplinary actions against plaintiff, and awarded back pay from July 23, 1981 through April 7, 1982, but denied any additional back pay.
Civil Service Rule 13.18(b) provides that if an appellant requests a continuance, the Commission has the discretion to deny compensation for that portion of time lost by reason of the continuance, if the appeal is sustained.[2]
Plaintiff admits she is not entitled to back pay between April 8,1982 and May 19, 1982, because of the continuance granted at her request, but contends that all further delays were caused solely by the Department. She argues, therefore, that she was improperly denied back pay after May 19, 1982 until the date of her reemployment.
The Commission found plaintiff was notified on March 1,1982, of the hearing scheduled for April 8, 1982, but waited until April 7, 1982 to engage an attorney, who requested and was granted a continuance. When the hearing was rescheduled, the Department’s witnesses were no longer available. The Commission found that the additional delays, to locate the witnesses and subsequently settle the case, were caused by the initial continuance and therefore within “that portion of time lost by reason of the continuance” requested by plaintiff. We find no manifest error and will not disturb the Commission’s findings. Allen v. DHHR, Ruston State School, 426 So.2d 234 (La.App. 1st Cir.1983).
For the above reasons, the decision of the State Civil Service Commission is affirmed at plaintiff’s cost.
AFFIRMED.

. Rule 15.10(c):
No removal, demotion or reduction in pay of a permanent employee may be rescinded or modified without approval of the Commission.

. Rule 13.18(b):
With the approval of the Commission, the Director, or the appropriate referee, an appeal fixed for hearing may be continued by consent of all interested parties. If an appellant requests a continuance the Commission may, in its discretion, deny him any compensation for that portion of time lost by reason of the continuance if his appeal be finally sustained.