487 So.2d 598 (1986)
George WERNER
v.
DEPARTMENT OF POLICE.
No. CA 4623.
Court of Appeal of Louisiana, Fourth Circuit.
April 11, 1986.
*599 C. James Gelpi, Gerald O. Gussoni, Jr., New Orleans, for George R. Werner, plaintiff-appellant.
Salvador Anzelmo, City Atty., Douglas P. Wilson, Chief Deputy City Atty., George A. Blair, III, Asst. City Atty., New Orleans, for Dept. of Police, defendant-appellee.
Before KLEES, CIACCIO and LOBRANO, JJ.
CIACCIO, Judge.
Defendant appeals from a decision of the Civil Service Commission which reinstated plaintiff, George Werner as a police sergeant with the Department of Police.[1] The plaintiff answers the appeal and alleges that the Commission erred in refusing to award him back pay for a portion of the time during which he was removed from his duties. The ruling of the Civil Service Commission is reversed in part, amended, and as amended, is affirmed.
George Werner was a police sergeant with the New Orleans Police Department. While on duty he suffered injuries in an automobile accident. He thereafter applied to the Police Pension Board for a disability pension but his application for pension benefits was denied by the Pension Board. He appealed the ruling of the Pension Board to the appellate courts. Shortly after his denial of benefits by the Pension Board, the Department ordered plaintiff to return to work within 5 days or face automatic resignation. He did not return to work and was dismissed from his duties.
On January 15, 1978 plaintiff appealed his removal from duty to the New Orleans Civil Service Commission. A hearing was set, by the Commission for March 8, 1978. Counsel for Werner, by letter of February 23, 1978, requested a continuance of the hearing. The hearing was rescheduled for May 31, 1978. On May 18, 1978 appellant's counsel suggested, by letter to opposing counsel, the consideration of an indefinite continuance pending a decision by the appellate *600 court on plaintiff's appeal from the denial of pension benefits. The proposal was not acted upon. This matter came for hearing on March 22, 1979 at which time the defendant moved for an indefinite continuance. Plaintiff posed no objection to the defendant's motion. The matter was next set for hearing on September 24, 1984. Some time before this hearing appellant moved for and obtained a continuance until October 24, 1984. This disciplinary hearing was conducted on October 24, 1984 and December 13, 1984. On March 20, 1985 the following ruling was rendered by the Commission:
We conclude, therefore, that appellant was improperly dismissed from the Police Department and must be reinstated as a Police Sergeant with back pay and all other emoluments of that position. Any periods for which back pay was waived by appellant due to continuances granted must be deducted from wages owed to appellant. The record reflects that numerous continuances were granted to appellant beginning on March 8, 1978 and continuing through October 24, 1984. Therefore appellant is entitled to back pay from January 23, 1978 through March 8, 1978 and from October 24, 1984 until he is reinstated. The back pay award is to be reduced by any earnings or unemployment compensation benefits received by appellant during the periods for which back pay is restored. Additionally, the back pay award does not include any overtime consideration or any compensation for paid details.

* * * * * *
The ruling was clarified by a supplemental decision which stated:
This supplemental decision is being issued to clarify the provisions of Mr. Werner's reinstatement to the Police Department. The decision issued by this Commission on March 20, 1985 provided that appellant be reinstated with "back pay and all other emoluments of that position". Due to appellant's requests for continuance, he was not awarded back pay for the entire period of this absence from employment. Likewise, it is the decision of the Commission that appellant not receive emoluments (i.e., sick leave, annual leave, etc.) for that period as well. Appellant is to receive emoluments only for the period of time for which back pay was awarded.
The Commission acted pursuant to New Orleans Civil Service Rule II Section 4.11 in denying plaintiff back pay and benefits for the period of time which elapsed as a result of continuances allegedly obtained by him. That Rule reads as follows:
Rule 11. 4.11 The Commission shall initiate a hearing of the appeal within fortyfive (45) calendar days after receipt of the request and shall have the right to continue the hearing from time to time for good cause. When the continuation of a hearing is granted at the request of an appellant, it shall be deemed to be a waiver of back pay for the period of time occasioned by the delay, unless the Commission shall rule otherwise. (Emphasis supplied)
Plaintiff first argues that Rule 11 Section 4.11 of the Civil Service Commission is invalid because it conflicts with Revised Statute Title 49 Section 113 which provides:
R.S. 49 Sec. 113. Salaries and wages of employees illegally separated; off-set of wages earned in outside employment
Employees in the state or city civil service, who have been illegally discharged from their employment, as found by the appellate courts, shall be entitled to be paid by the employing agency all salaries and wages withheld during the period of illegal separation, against which amount shall be credited and set-off all wages and salaries earned by the employee in private employment in the period of separation. Added Acts 1960, No. 191, Sec. 1.
The Louisiana Constitution empowers the Civil Service Commission to enact such rules and regulations as are necessary for the effective operation of that body. La. Const. Art. 10, Sec. 10. We find the enactment of Rule 11 Section 4.11 to be a valid *601 exercise of the Commission's rule making powers. Moreover, in Frazier v. Department of State Civil Service, 449 So.2d 95 at 97 (La.App. 1st Cir., 1984) the Court made the following statement concerning the Civil Service's rule making powers:
The Commission has rule-making power, and its rules have the effect of law. La. Const. of 1974, art. X, Sec. 10(A)(1) and (4). If a Civil Service rule is reasonable and not violative of basic constitutional rights, it must be recognized and given effect by the courts. Thoreson v. Department of State Civil Service, 433 So.2d 184 (La.App. 1st Cir.1983), writ denied, 440 So.2d 726 (La.1983), reconsideration denied, 442 So.2d 452 (La.1983). Civil Service rules even prevail over acts of the legislature which may be in conflict with them. Smith v. Department of Health and Human Resources, 416 So.2d 94 (La.1982). (Emphasis supplied)
Therefore, even assuming for the sake of argument that the state statute and civil service rule were in conflict, the civil service rule would prevail. Thus plaintiff's argument concerning the rule's invalidity lacks merit.
Plaintiff next argues that a retroactive application of this Civil Service Rule would be unconstitutional in that it would deny him vested property rights without due process of law. U.S. Const. Amends. 5 and 14, La. Const. Art. 1, Sec. 2. He reasons that the amendment to Rule 11 Section 4.11, concerning set off for the time of continuances, did not become effective until June 10, 1982, however he was dismissed in 1978 and any rights to which he was entitled vested at the time of his discharge.
We must decide whether New Orleans Civil Service Rule 11 Section 4.11 may be given retroactive effect.
In discussing the issue of the retroactive application of laws, the Louisiana Supreme Court, in Tullier v. Tullier, 464 So.2d 278 at 282 (La., 1985) stated:
As a general rule in Louisiana, a law can proscribe only for the future. La. Civ.Code art. 8. However, laws which are not substantive but which are merely procedural or remedial will be given retroactive effect in the absence of language to the contrary. Ardoin v. Hartford Accident & Indemnity Company, 360 So.2d 1331 (La.1978); General Motors Acceptance Corporation v. Anzelmo, 222 La. 1019, 64 So.2d 417 (1953). Likewise, a law cannot be applied retroactively which will impair obligations of contracts or divest or impair vested rights. Long v. Northeast Soil Conservation District of Louisiana, 226 La. 824, 77 So.2d 408 (1955); Brown v. Indemnity Insurance Company of North America, 108 So.2d 812 (La.App. 2nd Cir. 1959).
In this case, the civil service rule, although procedural in nature, cannot be given a retroactive application as such an application would "divest or impair vested rights." Therefore, the set off provision of Civil Service Rule 11 Section 4.11 shall only be given prospective application (i.e., effective from June 10, 1982 forward). Accordingly, insofar as the Civil Service Commission applied the amended rule retroactively, it erred.
Thus, since we decide, on the basis of statutory construction, that this Rule may only be given prospective application, we do not reach the issue of whether the retroactive application of the Rule constitutes an unconstitutional denial of due process.
Finally, plaintiff contends that even if this Rule is found to be valid, that the Commission's application of the Rule to deny him back pay and benefits for any period other than from September 24, 1984 through October 24, 1984 was in error. We agree.
The record reveals that the first continuance was made on February 23, 1978, at the plaintiff's request, and continued the March 8, 1978 hearing until March 22, 1979. Since this continuance occurred prior to the effective date of the amendment *602 to the Civil Service Rule, it cannot be used to deny the plaintiff back pay and benefits for the period of this delay.
The next continuance occurred on March 22, 1979 and continued until September 24, 1984. This continuance was requested by the defendant and plaintiff posed no objection to the continuance. We agree with plaintiff that this continuance was granted to the defendant. The fact that the plaintiff did not object to this continuance is not tantamount to a "continuance ... at the request of an appellant." Thus, since this continuance was not granted to the appellant (i.e., plaintiff) and because the continuance was granted prior to the effective date of the amendment to the Civil Service Rule 11 Sec. 11.4 (although extending past this date), it cannot apply so as to deny plaintiff pay and benefits for this period of delay.
Accordingly, the only period of time for which the plaintiff may be denied back wages and benefits is from September 24, 1984 until October 24, 1984. The reason for this is because this delay resulted from a continuance granted to the plaintiff after the effective date of the amendment to Civil Service Rule 11 Section 4.11.
Accordingly, for the reasons assigned, the ruling of the Civil Service Commission is reversed, insofar as it denied the plaintiff back wages and all other emoluments of that position from March 8, 1978 through September 24, 1984. The ruling is amended to award the plaintiff back pay and all other emoluments of that position from January 23, 1978 through September 24, 1984, and from October 24, 1984 until the date of his reinstatement. The ruling is further amended to deny the plaintiff back pay and all other emoluments of that position from September 24, 1984 through October 24, 1984. In all other respects the ruling of the Civil Service Commission is affirmed. Each party shall bear his own costs.
REVERSED IN PART, AMENDED AND AS AMENDED, AFFIRMED.
NOTES
[1] Although the defendant filed an appeal it failed to perfect it and the appeal was dismissed by the Civil Service Commission. The only issues before this Court are those raised by the plaintiff, George Werner.