JAMES F. McKAY III, Judge.
 

 h Leander Winford appeals the decision of the Civil Service Commission denying her back wages and emoluments. We affirm the Civil Service Commission’s decision.
 

 Leander Winford was employed as a police officer with the New Orleans Police Department (“NOPD”), stationed with the Seventh District, and had permanent status as a civil service employee. On August 28, 2005, all NOPD officers were placed on activation status due the impending landfall of Hurricane Katrina and its projected aftermath. Officer Winford reported for duty on August 28, 2005, but failed to return and report to duty on September 1,' 2005. As a result of this action she received a notice of termination for job abandonment on October 24, 2005.
 

 In the immediate aftermath of Hurricane Katrina, NOPD officers and their families were permitted to stay at the Emergency Operations Center (EOC) to ensure their safety from the hazardous conditions. They were allowed to bring some of their saved personal belongings. Officer Winford accompanied by seven |2members of her family were staying at the Seventh District EOC on Chef Ment-eur Hwy. and Read Rd. During this stay, members of Officer Winford’s family were accused of stealing the property of other officers. Objects belonging to the other officers were found to be in the possession of the appellant and her family. As a result, Sergeant Keller and Lieutenant Lohman ordered her and her family to leave the EOC.
 

 After leaving the EOC, the appellant took her family to the New Orleans Convention Center. The appellant asserts that upon the orders of Lieutenant Thompson, she returned to the EOC. When she arrived at the EOC, Sergeant Keller and Lieutenant Lohman again requested that she leave the premises. She informed them that she was evacuating with her family; the appellant ultimately evacuated to Columbus, Georgia. She returned to New Orleans in November of 2005 and inquired about filing a complaint against the officers that had directed her and her family to leave the EOC. The appellant made no attempt to pursue this complaint. She never brought a formal complaint with the Public Integrity Bureau. However, the NOPD did initiate a Public Integrity Bureau investigation of the theft claims, but when all of the officers involved in the matter had either resigned or had been terminated for job abandonment, the internal investigation was concluded.
 

 The appellant appealed her letter of termination dated October 24, 2005, and a hearing on the matter was held on March 21, 2006. The Civil Service Commission (“Commission”) ruled that the appointing authority had violated | Leander Winford’s due process rights, as per
 
 Cleveland Bd. of Education v. Loudermill,
 
 470 U.S. 532, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985), by denying her a pre-investigation investigation. However, in a decision of consolidated cases this Court ruled that
 
 Loudermill
 
 was not applicable to the consolidated cases and remanded them for a hearing on the merits.
 
 Rashi Reed, et al. v. Dept. of Police,
 
 2006-CA-1498 (La. 4 Cir. 10/10/07), 967 So.2d 606.
 

 At the subsequent hearing no further evidence was presented and the matter was submitted for a decision. The Commission determined that the appellant had been ordered off the job consequently; no abandonment had occurred. The Commission additionally found that department policy would have led to a 120 day suspen
 
 *951
 
 sion, dui’ing which investigations and hearings could be held followed by termination, if warranted. The Commission ordered Leander Winford be reinstated to the NOPD, but denied back pay for the period spent away from her employment as she had failed to report to the NOPD her availability to return to duty.
 

 The appellant argues that the Commission erred in denying her back wages and emoluments. Her argument is based on the Commission’s decision that she was wrongfully terminated from her job with the NOPD as she did not abandon her job but was following the orders of her supervisors. As statutory support she sites to La. R.S. 49:113 and Civil Service Commission Rule II § 11.1, which provide: La. R.S. 49:113 provides,
 

 Employees in the state or city civil service, who have been illegally discharged from their employment, as found by the appellate courts, shall be entitled to be paid by the employing agency all salaries and wages withheld during the period of illegal separation, against which amount shall be credited and set-off all wages and salaries earned by the employee in private employment in the period of separation.
 

 |4Rule II § 11.1 provides,
 

 In all appeals to the Commission under these Rules wherein a final judgment has been rendered by either the Commission, the Court of Appeal, Fourth Circuit, or the Louisiana State Supreme Court, immediate steps shall be taken by the City to fully comply with the judgment. This restoration shall include, where appropriate, reimbursement for all back wages and emoluments due and accrued annual and/or sick leave, less an offset for any wages earned during the period for which back pay was restored.
 

 STANDARD OF REVIEW
 

 Decisions of the Commission are subject to appellate review on any questions of law or fact. La. Const. Art. X, Section 12(B);
 
 Walters v. Department of Police of New Orleans,
 
 454 So.2d 106, 113 (La.1984). The standard of review is whether the Commission’s conclusion is arbitrary or capricious, or manifestly wrong.
 
 Cha-Jua v. Department of Fire,
 
 439 So.2d 1150, 1151 (La.App. 4 Cir.1983). However, although the Commission’s factual findings may not be modified absent manifest error, the review of procedural decisions and questions of law falls within this court’s traditional plenary function. As such, we are not limited to abuse of discretion or arbitrary and capricious standards of review in these instances.
 
 Perkins v. Sewerage and Water Bd.,
 
 95-1031 (La.App. 4 Cir. 2/29/96), 669 So.2d 726, 728. A determination is arbitrary or capricious only when no rational basis exists for the action taken.
 
 Mendoza v. Department of Police,
 
 2008-0062 (La.App 4 Cir. 8/20/08), 991 So.2d 1155, 1163.
 

 DISCUSSION
 

 The authority of both State and City Civil Service Commissions is derived from Article X of the Louisiana Constitution. The civil service provisions in the state constitution and the rules of the Commission are designed to protect public |5career employees from political discrimination by eliminating the “spoils” system. La. Const. Art. X, § 1 et seq.;
 
 Bannister v. Department of Streets,
 
 95-0404, p. 4 (La 1/16/96), 666 So.2d 641, 645. Essentially, civil service laws and rules establish a system under which “non-policy forming” public employees are selected on the basis of merit and can be discharged only for insubordination, incompetency or improper conduct, and not for religious or political reasons.
 
 Id.
 
 To further these goals, and in
 
 *952
 
 addition to its primary function as a quasi-judicial body, the civil service commission is empowered to generally supervise the civil service system and to establish rules for that system’s administration. Civil service rules thus have the effect of law. La. Const. Art. X, § 10(A)(4). The Constitution provides that no person who has gained permanent status in the classified civil service shall be subjected to disciplinary action except for cause expressed in writing. La. Const. Art. X, § 8(A). Civil Service Commission Rule II § 4.1 provides that “regular employees in the classified service shall have the right to appeal disciplinary actions to the Commission.”
 

 Based on the facts of this case and the evidence presented to the Commission, the record establishes that the appellant failed to determine an acceptable return date in violation of departmental rules and is not necessarily entitled to reinstatement with back wages and emoluments.
 

 The appointing authority argued that Civil Service Commission Rule II § 11.1 expressly states that reimbursements for all back wages and emoluments due shall be restored where appropriate. Here, despite reinstating the appellant, the Commission decided to deny the appellant’s back wages and emoluments based on | fithe appellant’s failure to make the necessary communication with the NOPD concerning her situation and when she should return.
 

 In this matter, the Commission interpreted its own rule in determining whether or not the reinstatement of back wages and emoluments for the absent period was appropriate. Based on Civil Service Commission Rule II § 11.1, the Commission has the discretion to determine when it is appropriate to award back wages and emoluments as part of a final judgment. The language of the rule expressly states that the restoration includes back wages and emoluments only when appropriate.
 

 After reviewing the record, we find that the appellant’s argument is fatally flawed. The Commissions decision was not arbitrary or capricious, and was rationally based on the Commission’s discretion to determine if the restoration of back wages and emoluments is appropriate. The decision is affirmed.
 

 AFFIRMED.