JUDGE SANDRA CABRINA-JENKINS
| ,This is a civil service matter which began when plaintiff Loukisha Daisy appealed the termination of her employment by the Plaquemines Parish Government (the “PPG”). On February 24, 2016, after a one-day hearing before the. Plaquemines Parish Civil Service Commission (the “Commission”), Daisy’s appeal was granted, and she returned to work. After the Commission paid Daisy back pay, she filed applications with the Commission seeking *562 additional back pay, exceptional pay, and attorney’s fees. On November 15, 2016, the Commission denied her applications. Daisy appeals that decision.
For the reasons that follow, we affirm in part, reverse in part, and remand.
FACTUAL AND PROCEDURAL BACKGROUND
On March 25, 2014, Daisy submitted an application for employment for the position of Chief Internal Auditor at the PPG. On May 20,2014, the Commission sent a letter offer to Daisy stating that “[a]s a condition of employment, we require that you agree to complete all required courses and possess a CPA within one (1) year of your hire date.” Daisy agreed and accepted the offer.
On June 2, 2014, Daisy began employment as Chief Internal Auditor for the PPG. In accordance with the Plaquemines Parish Civil Service Rules (“Civil 12Service Rules”), Daisy began serving a six-month probationary period, which was extended for an additional six months, or until June 2, 2015. On June 2, 2015, Daisy gained permanent civil service status.
On June 11, 2015, Daisy was informed that the PPG was considering termination of her employment. Daisy was suspended, effective immediately, until a final determination was made as to her employment status. On June 25, 2015, a predetermination hearing was held during which Daisy was afforded an opportunity to present evidence, statements or information to be considered in determining her employment status.
On June 30, 2015, the PPG terminated Daisy’s employment on the following grounds: (1) Daisy failed to obtain her CPA license within one year of her date of hire; (2) Daisy failed to produce and tender monthly audit reports in accordance with her job description and the Plaque-mines Parish Charter; and (3) at the predetermination hearing, Daisy submitted a “fraudulently confected” letter from a PPG audit committee member purporting to extend the time for her to obtain her CPA license from one year to two years from her date of hire.
On July 23, 2015, Daisy filed a Petition of Appeal to the Commission. Daisy’s appeal sought relief from two actions by the PPG: (1) dismissal; and (2) “other,” which she described as “[d]id not receive exceptional pay or proper pay increases.” Daisy’s Petition of Appeal requested “reinstatement of [her] position, clearing her name and any payments and benefits for which she [was] entitled.”
Oh December 18, 2015, the PPG filed a Motion for Partial Summary Disposition seeking dismissal of Daisy’s claim for exceptional pay.
On January 6, 2016, the Commission began an evidentiary hearing on Daisy’s appeal. Before the testimony began, the Commission orally granted the |sPPG’s Motion for Partial Summary Disposition on the grounds that Daisy’s claim for exceptional pay was not properly appealable under the Civil Service Rules, and that, even if the matter were appealable, it was not timely filed. The Commission also stated that “if [Daisy’s] appeal is granted the [exceptional pay] matter may still be heard in any post-decision finding of fact regarding the reinstatement and back pay that may be owed.”
On February 24, 2016, the Commission issued a written judgment granting Daisy’s appeal. Specifically, the Commission found that, because the PPG did not enforce the CPA license requirement during Daisy’s probationary period, and instead waited until after the period ended to terminate her employment, the PPG waived the CPA condition under which Daisy was em *563 ployed. With respect to Daisy’s failure to provide audit reports, the Commission found that because the PPG’s audit committee members did not request or require monthly reports from Daisy, this could not be used as a basis for disciplinary action. Finally, with respect to the letter purporting to extend the time for Daisy to complete the CPA requirement, the Commission found no fraud on the part of Daisy. The Commission concluded, with respect to the three grounds for discipline, that the PPG had not established legal cause or conduct by Daisy that impaired the efficiency or operation of public service.
On March 22, 2016, the PPG appealed the Commission’s February 24, 2016 judgment to this Court. On April 28, 2016, the PPG filed a Motion to Withdraw and Dismiss its appeal. Daisy returned to her job as Chief Internal Auditor.
On August 8, 2016, Daisy filed an Application for Attorney’s Fees with the Commission in which she sought reimbursement of $32,305.18 in attorney’s fees and expenses incurred appealing her wrongful termination.
Lin August 2016, the PPG paid Daisy $22,827.70 in net back pay. On August 29, 2016, Daisy filed a “Memorandum in Support of Dispute Regarding Back Pay and Exceptional Pay” with the Commission. As part of her dispute as to the amount of back pay due, Daisy argued that the PPG wrongfully denied her back pay during a two-month period in which the wrongful termination hearing was continued, and that the calculation of back pay should have included judicial interest and reimbursement of retirement contributions withheld during her period of dismissal. She also re-urged her claim for exceptional pay.
On October 20, 2016, the Commission heard oral argument on Daisy’s dispute over attorney’s fees, back pay, and exceptional pay. On November 15, 2016, the Commission issued a written decision denying Daisy’s requests for attorney’s fees, back pay during the period of the continuance, and exceptional pay.
On December 8, 2016, Daisy filed a Notice of Appeal to this Court from the Commission’s November 15, 2016 decision.
DISCUSSION
Standard of Review
This court reviews the Commission’s findings of fact using the clearly wrong or manifest error standard of review. Liang v. Dept. of Police, 13-1364, p. 8 (La. App. 4 Cir. 8/20/14), 147 So.3d 1221, 1225. In reviewing the Commission’s determinations on questions of law, this court exercises its constitutional duty to review questions of law de novo and render a judgment on the record. Id. “[T]he appropriate standard of appellate review of actions by the Civil Service Commission is to determine whether the conclusion reached by the Commission is arbitrary or capricious.” Aucoin v. Dept. of Police, 16-0287, p. 2 (La. App. 4 Cir. 3/29/17), 229 So.3d 531, -, 2017 WL 1164939, *4. “Arbitrary and capricious” means that there is no rational basis for the action taken. Williams v. Dept. of Utilities, 03-1473, p. 6 (La. App. 4 Cir. 1/28/04), 867 So.2d 26, 30.
Assignments of Error
On appeal, Daisy asserts six assignments of error:
1. . The Commission erred in not awarding Daisy back pay during the time period of the continuance of her appeal hearing from October 28, 2015 to January 6, 2016.
2. The Commission erred in denying Daisy exceptional pay.
*564 '3. ' The Commission erred in not awarding Daisy merit increases.
4. The Commission erred in not award-1 ing Daisy judicial interest.
5. The Commission erred in not awarding Daisy retirement benefits.
6. The Commission erred in denying Daisy attorney’s fees.

First Assignment of Error: Back Pay

After the Commission granted her appeal, the PPG gave Daisy back pay for the period of her termination. The PPG, however, did not give Daisy back pay during a two-month period in which the Commission granted a continuance of the hearing on Daisy’s appeal. Daisy contends that this was error. . .
Daisy’s wrongful termination hearing was originally set on October 28, 2015. Two weeks before the scheduled hearing, Daisy propounded interrogatories and document requests on the PPG, including requests for computer and telephone records. On October 21, 2015, counsel for the PPG notified Daisy’s counsel that time was needed to conduct a forensic electronic review, and that it was unlikely that the document production could be made before the hearing. Daisy then requested a 'continuance from the Commission, to which the PPG did not object. | fiRuIe II, 'Section 4.6 of the Civil Services Rules gave the Commission the right to continue the hearing “from time to time for good cause and reason.” The Commission granted Daisy’s request for a continuance and ordered that the hearing be re-set for January 6, 2016.
Daisy contends that she should not be penalized for what was essentially a joint continuance to allow the PPG to respond to her discovery requests, which the Commission itself in the exercise of its discretion had granted upon a showing of “good cause and reason.” We agree.
■ In denying Daisy’s request for back pay during this continuance, the Commission emphasized that Daisy’s attorney “had plenty of time to make the discovery requests prior to the original date set for the hearing to be held.” The Commission also relied on two cases to support its conclusion that the PPG “should not have to bear the costs of [Daisy’s] decision to request a continuance.”
In the first case, Werner v. Dept. of Police, 487 So.2d 598 (La. 4th Cir. 1986), a sergeant with the New Orleans Police Department appealed his removal from duty to the New Orleans Civil Service Commission. The plaintiff requested and obtained several' continuances of the hearing between March 1978 and October 1984, a period of more than six years. After the Commission ruled that the plaintiff should be reinstated to the Police Department,' it stated that “[a]ny periods for which back pay was waived by [plaintiff] due to continuances granted must be deducted from wages owed to [plaintiff.]” The Commission expressly relied on New Orleans Civil Service Rule II, Section 4.11, which provided:
When the continuation of a hearing is granted at the request of an appellant, it shall be deemed to be a waiver of back pay for the period of time occasioned by the delay, unless the Commission shall rule otherwise.
17This court affirmed.
The Commission also relied on Willis v. Dept. of Health & Human Resources, 434 So.2d 1164 (La. App. 1st Cir. 1983). In Willis, the First Circuit affirmed the decision of the State Civil Service Commission dénying the plaintiff back during the period of a continuance of the hearing requested by the plaintiff. As in Werner, the commission relied on a civil service rule that expressly granted the commission the discretion to deny back pay for time lost as a result of a continuance:
*565 With the approval of the Commission, the Director, or the appropriate referee, an appeal fixed for hearing may be continued by consent of all interested parties. If an appellant requests a continuance the Commission may, in its discretion, deny him any compensation for that portion of time lost by reason of the continuance if his appeal be finally sustained.
This court upheld the commission’s decision.
In Werner and Willis, the applicable civil service rules expressly gave the civil service commissions the discretion to deny back pay during the period of any continuance requested by the plaintiff. The Plaquemines Parish Civil Service Rules, however, do not give the Commission such discretion.
In Winford v. Dept. of Police, 09-0770 (La. App 4 Cir. 3/3/10), 33 So.3d 949, the New Orleans Civil Service Commission reinstated a police officer’s employment but denied her back pay during the period in which she evacuated out of state with her family following Hurricane Katrina. On appeal, the plaintiff argued that the commission erred in denying her back pay. This court affirmed, relying on a civil service rule which expressly provided that reimbursements for all back wages and emoluments due shall be restored “where appropriate.” The Winford court concluded that, because the commission had the discretion to |sdetermine whether it was appropriate to award back wages and emoluments, and because the commission found that the plaintiff failed to report to the NOPD her availability to return to duty, the commission’s decision was rationally based, and not arbitrary or capricious. Id., 09-0770, p. 6, 33 So.3d at 952.
In this matter, the Civil Service Rules do not give the Commission the discretion to determine the appropriateness of the award of back pay to Daisy. Furthermore, we note that the Commission granted Daisy’s request for a continuance to complete discovery based upon a showing of “good cause and reason.” Under these circumstances, we find that the Commission’s decision to deny Daisy back pay during this continuance was not rationally based, and was arbitrary and capricious.

Second Assignment of Error: Exceptional Pay

Daisy contends that the PPG had already granted her request for exceptional pay while she was employed, but that she never received these payments. She asserts that the Commission erred in not including exceptional pay in her back pay calculation following her reinstatement. We agree.
Civil Service Rule IV, Section 3.2(a) provides for exceptional pay:
In cases where the applicant possesses exceptional qualifications directly related to the classification to which the applicant will be or has already been appointed, the Appointing Authority can recommend to the Director that the applicant be assigned up to step 15 of the pay grade for that class. The request for the Exceptional Qualifications salary adjustment must be received by the Director at least 15 calendar days prior to the expiration of the Working Test Period of the employee. Approval is required by the Director before the salary adjustment becomes effective.
At the January 6, 2016 -hearing on Daisy’s appeal, the Commission orally granted the PPG’s Motion for Partial Summary Disposition with respect to Daisy’s | flappeal of the exceptional pay issue. The Commission concluded that exceptional pay was not appealable under the Civil Service Rules and, even if it were, her appeal was not timely. The Commission’s February 24, 2016 written judgment reiterates this, ruling.
*566 As for the untimeliness issue, the record shows that the PPG audit committee submitted a request for exceptional pay to Ellen D. Barrois, the Commission’s director, on June 19, 2014. This request was timely, in that it was received at least 15 days prior to the expiration of Daisy’s probationary period. Furthermore, we find that Daisy’s August 29, 2016 application for exceptional pay was not untimely because Daisy was not required to appeal the Commission’s February 24, 2016 judgment denying exceptional pay. When the Commission issued its ruling, it stated that “if [Daisy’s] appeal is granted the matter may still be heard in any post-decision finding of fact regarding the reinstatement and back pay that may be owed.” Ms. Daisy’s appeal was granted and she subsequently requested exceptional pay as part of her back pay.
Accordingly, we find that there was no rational basis for the Commission’s denial of exceptional pay on the basis of untimeliness.
The Commission also found that the denial of exceptional pay was not an appeal-able disciplinary action. Under the Civil Service Rules, “[r]egular employees in the classified service shall have the right to appeal to the Commission from suspension, fine, dismissal, layoff, reduction in pay, or demotion to test the reasonableness of such action.” The PPG argues that exceptional pay does not fall within any of these categories. We disagree.
| ,0Although an appointing authority has the discretion to determine whether to grant a performance adjustment, once the adjustment is granted and becomes effective, any rescission or reduction of the pay raise rises to the level of a disciplinary action subject to review by the civil service commission. Burriss v Dept. of Children & Family Servs., 14-1075, p. 9 (La. App. 1 Cir. 4/24/15), 167 So.3d 1053, 1059.
Under the Civil Service Rules, “[a]p-proval is required by the Director before the salary adjustment becomes effective.” The record shows that Barrois processed and approved the request for exceptional pay, and forwarded it to the chairman of the City Council for signature. In a March 11, 2015 letter to the audit committee chairman, Barrois stated that, because she was uncertain as to whether the audit committee or the City Council' was the “Appointing Authority,” she was asking for guidance from the City Council as to “how she should move forward on the request.” The record does not show that the City Council ever responded or returned the signed request to Barrois, and Daisy was terminated before any further action was taken. At the January 6, 2016 hearing on Daisy’s appeal, however, the chairman of the audit committee conceded that in May 2015 (two months after Barrois’s letter), it was confirmed that the audit committee was, in fact, the “Appointing Authority.”
In sum, the audit committee’s request for exceptional pay on behalf of Daisy was timely made by the proper Appointing Authority and was approved by the Commission’s director, all in accordance with the Civil Service Rules. Because this performance adjustment was granted, any rescission or reduction of the pay raise rises to the level of a disciplinary action subject to review by the Commission and this court. Burriss, 14-1075, p. 9, 167 So.3d at 1059. Under these In circumstances, we find no rational basis for the Commission’s dénial of exceptional pay.

Third Assignment of Error: Merit Increases

Daisy asserts that the Commission erred in not awarding her merit increases as part of its back pay calculation because merit pay is “automatic.”
Under Civil Service Rule IV, Section 4.1, “all employees hired or promoted through *567 certification shall be granted a pay increase upon satisfactory completion of their six (6) month working test period.” Under the rules, however, '“the granting of the pay increases ... shall not be considered automatic nor mandatory.”
As discussed above, the only disciplinary actions that may be appealed are suspension, fine, dismissal, layoff, reduction in pay, or demotion.
The denial of a discretionary merit pay increase is not an appealable action. See Rudloff v. Chief Admin. Office, 413 So.2d 550, 552 (La. App. 4th Cir. 1982); Malone v. Dept. of Corrections, Louisiana Training Institution-Ball, 468 So.2d 839, 841 (La. App. 1st Cir. 1985) (“denial of a merit increase is not considered a disciplinary action”); Smith v. LSU Med. Ctr., 365 So.2d 599, 600 (La. 1st Cir. 1978) (“the denial of a merit step increase in pay is not a disciplinary action on the part of the Appointing Authority, and such a denial is not appealable”).
This assignment of error is without merit.

Fourth Assignment of Error: Judicial Interest

Daisy contends that the Commission erred in not awarding her judicial interest on her back pay, which she first requested six months after the Commission’s February 24, 2016 judgment. Daisy relies on La. Civ. Code art. 2000 and La. Code Civ. P. art. 1921.
|wWe begin by examining Art. 1921: “The court shall award interest in the judgment as prayed for or as provided by law.”
In Daisy’s July 23, 2015 Petition for Appeal, she did not ask for judicial interest. Because judicial interest was not prayed for, Daisy may only recover interest on back pay if interest is “allowed by law.”
The Civil Service Rules do not provide for judicial interest. Also, this is not an action to enforce a conventional obligation in which judicial interest is awarded under La. Civ. Code art. 2000. Under the Civil Service Rules, the Commission is “empowered ... [t]o hear appeals from employees and others who claim their rights under the Civil Service Rules have been violated and to issue appropriate orders in such cases.” (Emphasis added.) In this instance, therefore, judicial interest is not “allowed by law.”
We find that the Commission was not arbitrary and capricious in not awarding Daisy judicial interest on back pay.

Fifth Assignment of Error: Retirement Contributions

Daisy contends that the Commission erred in not awarding her the amount of retirement contributions owed during the period of her dismissal.
“[T]here is ample support for finding that contributions to retirement plans are among the emoluments of employment and can be considered deferred compensation or ‘salaries.’ ” Andrepont v. Lake Charles Harbor & Terminal Dist., 602 So.2d 704, 708 (La. 1992). Therefore, we find that retirement contributions are to be included in the calculation of Daisy’s back pay.
In her appellate brief, Daisy states that “the parties agreed that [Daisy] was entitled to applicable retirement contributions that accrued during the period of her termination.” At the October 20, 2016 hearing on Daisy’s back pay and 1 ^exceptional pay claims, counsel for Daisy admitted that she had not submitted the paperwork needed to calculate retirement benefits. Daisy now states that she signed the paperwork but no retirement payments have been made.
The PPG states in its brief that, at the October 20, 2016 hearing, Daisy, had not yet completed paperwork required by the third-party retirement funds, Parochial *568 Employees’ Retirement System of Louisiana (“PERSLA”). The PPG states that upon completion of the necessary paperwork, PERSLA calculated and invoiced the payments, which were paid by PERS-LA on February 20, 2017.
Neither Daisy nor the PPG refer this court to any evidence in the record to support their assertions regarding the status of the reimbursement of retirement contributions. Obviously, arguments of counsel in briefs or memoranda- are' not evidence, and the arguments of counsel are all the parties have offered in support of their positions. Alomang v. Freeport-McMoran, Inc., 97-1349, p. 1 (La. App. 4 Cir. 3/4/98), 718 So.2d 971, 973.
Because the record is insufficient for us to resolve this factual issue, we remand this matter for the limited purpose of taking evidence to confirm payment of all retirement contributions owed to Daisy for the period of her dismissal.

Sixth Assignment of Error: Attorney’s Fees

Finally, Daisy contends that the Commission erred in denying her request for attorney’s fees because the actions of the PPG in terminating her were so “egregious and unreasonable.” Daisy refers to accusations against her with respect to the alleged “dishonest act” of drafting a letter purporting to extend :the time for her to obtain her CPA license, and presenting the draft to the chairman of the audit committee, who then signed it.
|m“As a general rule, attorney fees are not allowed in Louisiana unless they are authorized by statute or provided for by contract.” Bd. of Supervisors of Louisiana State Univ. v. Dixie Brewing Co., 15-1053, p. 13 (La. App. 4 Cir. 9/1/16), 200 So.3d 977, 986.
Civil service rules have the effect of law. City of Alexandria v. Dixon, 15-1718, p. 9 (La. 5/3/16), 196 So.3d 592, 597-98. Under Civil Service Rule II, Section 4.7, “[a]ppellants shall have the .right, but shall not be required, to be represented by counsel, at Appellant’s own expense.” [Emphasis added]. Daisy argues that this rule does not prohibit the Commission from reimbursing her attorney’s fees if the Commission,, in its discretion, finds that the PPG’s acts were in bad faith or based on a fraudulent premise.
The Commission, in its November 15, 2016 decision, recognized' that “[t]here is no civil service rule which would authorize an appellant to have their private legal fees paid for by the Parish.” The Commission nonetheless stated that “[i]n addition to the civil service rule, attorney fees could be awarded if there was a finding of fraud or bad faith.” -
Neither party has cited any authority— statutory, contractual or jurisprudential— (and we have found none) that would authorize an award of attorney’s fees to Daisy based on bad faith or fraud. Perry v. City of New Orleans, 11-0901, p. 9 (La. App. 4 Cir. 2/1/12), 104 So.3d 453, 458; Alongi v. Dept. of Police, 480 So.2d 1001, 1003 (La. App. 4th Cir. 1985) (although “[plaintiff] argues that because the city was in bad faith, they should be cast for penalties, interest and attorney fees[,] [n]o authority is cited to support this argument”). In any event, under our clearly wrong standard of review of factual findings, we find no error in the Commission’s conclusion that there was “no evidence in the record which |1swould warrant a finding that the termination of [Daisy] was done fraudulently or in bad faith.”
This assignment of error has no merit.
CONCLUSION
Based on the foregoing, we reverse the Commission’s decision not to award Daisy back pay during the period in which the hearing on her appeal was continued. We also reverse the Commission’s decision to *569 deny Daisy exceptional pay as part of her back pay. We affirm the Commission’s denial of a merit increase and the denial of judicial interest on back pay. We remand the issue of retirement contributions for the limited purpose of confirming the payment of all retirement contributions owed to Daisy. Finally, we affirm the Commission’s decision not to award attorney’s fees to Daisy.
AFFIRMED IN PART, REVERSED IN PART, REMANDED