| DODDIE SMITH | * | NO. 2019-CA-0393 |
|---|---|---|
| VERSUS | * | |
| | | COURT OF APPEAL |
| CIVIL SERVICE | * | |
| COMMISSION | | FOURTH CIRCUIT |
| | * | |
| | | STATE OF LOUISIANA |

\* \* \* \* \* \* \*

APPEAL FROM
CITY OF NEW ORLEANS CIVIL SERVICE COMMISSION
NO. 8992
\* \* \* \* \* \*
**Judge Regina Bartholomew-Woods**
\* \* \* \* \* \*
(Court composed of Judge Edwin A. Lombard, Judge Sandra Cabrina Jenkins,
Judge Regina Bartholomew-Woods)

Larry Edward Demmons
3201 Ridgelake Drive
Metairie, LA 70002

    COUNSEL FOR PLAINTIFF/APPELLANT

Brendan M. Greene
NEW ORLEANS CIVIL SERVICE COMMISSION
1340 Poydras Street, Suite 900
New Orleans, LA 70112

    COUNSEL FOR DEFENDANT/APPELLEE

**AFFIRMED**
**NOVEMBER 27, 2019**

Appellant sought extraordinary pay from the Civil Service Commission pursuant to Civil Service Commission Rule IV, § 2.7. In recognition of Appellant's experience and years of service, but not pursuant to Rule IV, § 2.7, the Civil Service Commission increased Appellant's pay, but refused to make the pay increase retroactive. For the reasons that follow, we affirm the ruling of the Civil Service Commission.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

For nineteen (19) of her thirty (30) year career in human resources, Plaintiff-Appellant, Doddie Smith ("Appellant"), has worked as a personnel administrator with the Civil Service Department for the City of New Orleans.[1] On July 10, 2016, the New Orleans Police Department hired Mr. Dwayne Pierce as a Police Human Resources Administrator. Because of his twenty (20) years of human resources experience,[2] Mr. Pierce was provided a starting salary 25% above the minimum

---

[1] Appellee acknowledges that Appellant has "dedicated a large portion of her professional life to providing excellent service to City departments and employees as they navigate various personnel issues."

[2] Mr. Pierce's twenty (20) years of human resources experience was considered an "extraordinary qualification" as contemplated by Civil Service Rule IV, § 2.7.

starting salary for this position. On November 14, 2018, Appellant submitted a request[3] to Ms. Lisa Hudson, Director of Civil Service, for extraordinary pay pursuant to Rule IV, § 2.7.[4] Appellant asserted that because Mr. Pierce's twenty (20) years of human resources experience was considered an extraordinary qualification that warranted increased pay, so should her twenty-eight (28) years of professional experience (seventeen (17) of those twenty-eight (28) years were

---

[3] On December 3, 2018, Shelly Stolp, another Personnel Administrator, made the same request. Ultimately, Ms. Stolp was awarded the increased pay, but amended her request to forgo retroactive pay.

[4] Civil Service Commission Rule IV, § 2.7 provides:

> Subject to the revocation of the Personnel Director, an appointing authority may pay an original, temporary, provisional or regular employee a pay rate of up to the midpoint of the pay range upon appointment, subject to the following conditions and limitations:
>
> (a) That the appointee possesses extraordinary or superior qualifications/credentials above and beyond the minimum qualifications, experience, and/or credentials required which have been verified and documented as job related, and that the amount of additional pay shall be justified based on an objective analysis of the additional financial advantage the increased hiring rate will provide to the city.
>
> (b) That the duties and responsibilities of a position require the employment of a person with qualifications/credentials that differ significantly from those normally required for other positions in the same class, and the persons who possess such qualifications are not readily available in the labor market at the minimum entrance rate in the pay grade;
>
> (c) That the pay rate is subject to review by the Civil Service Commission;
>
> (d) The salaries of all current probationary and permanent employees who occupy positions in the same job classification and who possess the same or equivalent qualifications, experience, and/or credentials shall be adjusted up to but not to exceed the rate granted to that employee provided that the qualifications, experience, and/or credentials are also verified and documented in the same manner as that employee. Such adjustments shall only be made on the same date that the higher pay rate is given to that employee;
>
> (e) The Commission shall have exclusive, final authority to validate the qualifications, experience, and/or credentials credited for purposes of this subsection;
>
> (f) The appointing authority must post all special rates given in a location that is accessible to all employees. The appointing authority must assure that the posting remains in place permanently or is replaced when appropriate.

acquired in the Personnel Administrator position). On December 17, 2018, the Civil Service Commission ("the CSC") considered Appellant's request for increased pay. Again, on January 28, 2019, the CSC considered Appellant's request. Thereafter, the CSC granted Appellant's increased pay, but declined to make the increased pay retroactive to Mr. Pierce's July 10, 2016 hiring date. It is from this ruling that Appellant appeals.

## DISCUSSION

Appellant's sole assignment of error addresses whether the CSC erred in denying her request for retroactive pay after granting her request for extraordinary pay pursuant to Rule IV, § 2.7(d).

### *Standard of Review*

"Decisions of the [Civil Service] Commission are subject to appellate review on any questions of law or fact." *Winford v. Dep't of Police*, 2009-0770, p. 4 (La. App. 4 Cir. 3/3/10); 33 So.3d 949, 951; La. Const. Art. X, Section 12(B); *Walters v. Dep't of Police of New Orleans,* 454 So.2d 106, 113 (La.1984). Further, on appeal, "[t]he appellate court reviews the Commission's findings of fact using the clearly wrong or manifest error standard of review." *Liang v. Dept. of Police*, 2013-1364, p. 8 (La. App. 4 Cir. 8/20/14), 147 So.3d 1221, 1225. Further, "[a]n appellate court accords great deference to mixed questions of fact and law." *Orazio v. Dep't of Police*, 2019-0230, p. 7 (La. App. 4 Cir. 6/19/19); 275 So.3d 340, 345, *writ denied*, 2019-01174 (La. 10/15/19), 2019 WL 557363. Here, Appellant's

assignment of error presents an interpretation of fact and law governed by the manifest error or clearly erroneous standard of review.

### *Discussion*

Appellant acknowledges that "the only pertinent inquiry is whether positions at issue were in the same job classification." Appellant reasons that because the CSC granted her request for increased pay, the CSC had "made a determination that those two employees [Appellant and Mr. Pierce] occupied 'positions in the same job classification' and 'possess the same or equivalent qualifications, experience, and/or credentials.'" And, for that reason, Appellant argues that she is entitled to retroactive pay pursuant to Rule IV, § 2.7(d). In response to Appellant's argument, the CSC contends that Appellant focuses only on the second prong of the Rule IV, § 2.7(d), which addresses employees "who possess the same or equivalent qualifications, experience, and/or credentials." The CSC argues that Rule IV, § 2.7(d) is not triggered because Appellant does not occupy the "same job classification" as the employee to whom she compared herself. The CSC asserts that rather than applying Rule IV, § 2.7, it applied an exception to that rule, and increased Appellant's pay solely in recognition of her years of service.

### *Analysis*

CSC Rule IV, § 2.7(d) provides:

> The salaries of all current probationary and permanent employees who occupy positions in the same job classification and who possess the same or equivalent qualifications, experience, and/or credentials shall be adjusted up to but not to exceed the rate granted to that employee provided that the qualifications, experience, and/or credentials are also verified and

documented in the same manner as that employee. Such adjustments shall only be made on the same date that the higher pay rate is given to that employee.

The CSC provides the following:

Per the job announcement and documentation prepared by the Civil Service Department, an employee filling the position of "Police Human Resource Administrator" performs the following duties:

Under general direction of the Assistant Superintendent of Police, this position serves as N.O.P.D.'s Human Resource Manager by managing and directing the activities of subordinate staff providing a wide range of human resources support for the department, including acting as a liaison with the civil service, finance and law departments. Work includes departmental recruitment and selection activities, managing transfers and personnel orders, employee relations, and employee discipline and grievances. This position participates in consent decree activities and various committees. Work also includes planning, organizing, directing and evaluating the performance of assigned staff; establishing performance requirements and personal development targets; and related duties as required.

Conversely, an employee occupying the classification of Personnel Administrator is responsible for the following:

Highly responsible administrative, technical, professional and supervisory work directing and coordinating the activities of one or more comprehensive components or functions of the City's central personnel/human resource management agency; and related work as required.

Accordingly, not only do the job titles differ, but so do the duties and responsibilities. The CSC maintains that while Appellant did not qualify for

increased pay pursuant to the CSC Rule IV, § 2.7(d), it recognized Appellant was a valued employee and, for that reason, increased Appellant's pay as an exception to Rule IV, § 2.7(d).

Because Appellant does not occupy the same job classification as the employee to whom she compared herself, she is not entitled to retroactive increased pay pursuant to the CSC Rule IV, § 2.7(d). Accordingly, the CSC's decision to decline Appellant's request for retroactive pay was not clearly wrong or manifestly erroneous. For that reason, we affirm the CSC's ruling.

## CONCLUSION

For the aforementioned reasons, we affirm the CSC's ruling.

**AFFIRMED**