DEVIN HALL * NO. 2024-CA-0681

VERSUS * COURT OF APPEAL

NEW ORLEANS * FOURTH CIRCUIT
RECREATION
DEVELOPMENT * STATE OF LOUISIANA
COMMISSION (NORDC)

* * * * * * *

APPEAL FROM
CITY CIVIL SERVICE COMMISSION ORLEANS
NO. 9455
Hearing Examiner Imtiaz A. Siddiqui
* * * * * *
**Judge Joy Cossich Lobrano**
* * * * * *

(Court composed of Judge Joy Cossich Lobrano, Judge Sandra Cabrina Jenkins, Judge Rachael D. Johnson)

Devin Hall
4725 Crowder Blvd.
New Orleans, LA 70127

PLAINTIFF/APPELLANT, PRO SE

James M. Roquemore
DEPUTY CITY ATTORNEY
William R. H. Goforth
DEPUTY CITY ATTORNEY
Corwin M. St. Raymond
CHIEF DEPUTY CITY ATTORNEY
Donesia D. Turner
CITY ATTORNEY
1300 Perdido Street, Suite 5E03
New Orleans, LA 70112

COUNSEL FOR DEFENDANT/APPELLEE

**AFFIRMED**

**MAY 8, 2025**

This is a civil service case. Plaintiff/appellant, Devin Hall ("Hall"), appeals two decisions of the Civil Service Commission for the City of New Orleans ("CSC"). First, he challenges the CSC's amended decision dated November 15, 2023, which awarded him backpay starting from the date of his termination by the New Orleans Recreation Development Commission ("NORDC"), rather than from the earlier date he was medically cleared to return to work. Second, he appeals the CSC's July 19, 2024 order denying his request for additional backpay for a period of delayed reinstatement. For the reasons set forth below, we affirm both rulings of the CSC.

Hall was employed by NORDC beginning May 27, 2018, ultimately attaining permanent status as a Maintenance Supervisor. He took paid leave under the Families First Coronavirus Recovery Act ("FFCRA") beginning May 7, 2020. His paid leave expired on September 2, 2020, after which he was placed on leave without pay.

Separately, Hall was involved in a car accident on July 26, 2021. He submitted documentation to NORDC stating he expected to return on August 20, 2021, but ultimately did not. On August 4, 2021, NORDC sent Hall a letter instructing him to return by August 23, 2021; however, the letter was mistakenly sent to an outdated address. Although a pre-termination hearing was held on January 12, 2022, no disciplinary action was taken at that time.

Hall requested to return to "light duty," but his position did not allow for such accommodations. On February 8, 2023, his physician cleared him to return to full duty. Hall sought guidance from NORDC on reinstatement but received no immediate response. Nevertheless, NORDC issued a second pre-termination notice, and Hall's employment was formally terminated effective April 20, 2023.

Hall appealed his termination. In its October 23, 2023 decision, the CSC ordered his reinstatement and awarded backpay starting from February 8, 2023. Upon reconsideration, and based on additional medical documentation, including a medical release authorizing Hall to return to work without restrictions on April 20, 2022, the CSC amended its order to award backpay commencing April 20, 2023, the date of termination.

Subsequently, Hall argued that he had not received the full amount of backpay owed. The CSC determined that Hall delayed his reinstatement between November 13, 2023, and November 26, 2023, and accordingly denied backpay for that period. This appeal follows.

Hall raises two assignments of error: (1) That the CSC erred in awarding backpay beginning on the date of his termination rather than on the date he was medically released to return to work; and (2) That the CSC erred in denying him additional backpay for the period of November 13 to November 26, 2023.

This Court recently reiterated the standard of review in CSC cases as follows:

> The decision of the CSC "is subject to review on any question of law or fact upon appeal to this Court." *Cure v. Dep't of Police*, 07-0166, p. 2 (La. App. 4 Cir. 8/1/07), 964 So.2d 1093, 1094 (citing La. Const. art. X, § 12(B)). The appellate standard of review in civil service cases is as follows: (1) the appellate review of factual findings is governed by the manifest error or clearly erroneous standard; (2) if the CSC's decision involves jurisdiction, procedure, and interpretation of laws or regulations, judicial review is not limited to the arbitrary, capricious, or abuse of discretion standard; rather, the appellate court exercises its constitutional duty to review questions of law and render a judgment on the record; (3) a legal error occurs when a trial court applies the incorrect principles of law and such errors are prejudicial; and (4) mixed questions of fact and law are accorded "great deference" under the manifest error standard of review. *Banks v. New Orleans Police Dep't*, 01-0859, p. 3 (La. App. 4 Cir. 9/25/02), 829 So.2d 511, 513-14 (citations omitted).

*Crayton v. Sewerage & Water Bd. of New Orleans*, 23-0728, pp. 4-5 (La. App. 4 Cir. 7/9/24), 398 So.3d 68, 73.

**Assignment of Error No. 1: Starting Date of Backpay Award**

Hall contends that backpay should commence from his medical release date, April 20, 2022, rather than the date of his termination, April 20, 2023. However, Louisiana law consistently holds that a wrongfully discharged civil service employee is entitled to backpay from the date of discharge, not from earlier medical clearance or administrative milestones. *See Blappert v. Dep't of Police*,

94-1284, p. 6 (La. App. 4 Cir. 12/15/94), 647 So.2d 1339, 1343; *Christoffer v. Dep't of Fire*, 98-2408, p. 4 (La. 5/18/99), 734 So.2d 629, 631.

The rationale is grounded in basic employment principles: the injury to the employee's economic rights flows from the termination of employment, not from earlier personnel management decisions. Until Hall was terminated, he remained, legally speaking, an employee of NORDC on leave status. His right to full pay was therefore triggered by the unlawful termination, not by his medical fitness.

Moreover, Hall's appeal challenged only the April 20, 2023 termination. The CSC properly limited its remedy to that adverse employment action. Hall cites no authority supporting a broader award, nor does the record provide any. Accordingly, the CSC did not err or abuse its discretion in awarding backpay from the date of termination.

**Assignment of Error No. 2: Denial of Additional Backpay for Delay Period**

Hall next contends that the CSC erred by denying him backpay for November 13-26, 2023. The record shows that on October 31, 2023, NORDC directed Hall to return to work on November 13, 2023. Hall responded by requesting a delayed return date of November 20, 2023, and subsequently requested an additional delay until November 27, 2023. NORDC accommodated this second request by formal letter.

Louisiana courts have recognized that backpay may be withheld for periods of delay attributable to the employee. *See Willis v. Dep't of Health & Hum. Res.*, 434 So.2d 1164 (La. App. 1st Cir. 1983); *Werner v. Dep't of Police*, 487 So.2d 598 (La. App. 1st Cir. 1986). An employee cannot recover backpay for time lost as a result of his own voluntary delays.

4

In *Willis*, 434 So.2d at 1165, the CSC hearing was continued at the request of plaintiff's counsel. The hearing was subsequently rescheduled at the employer's request. On the date of the rescheduled hearing, the employer submitted a letter to the CSC requesting the reinstatement of plaintiff on the basis that the employer's witnesses were no longer available. *Id.* At a subsequent hearing, the CSC approved the rescinding of the disciplinary actions against plaintiff, and awarded back pay from the date of the plaintiff's suspension through the date the hearing was initially set, but denied any additional backpay, finding that "the additional delays, to locate the witnesses and subsequently settle the case, were caused by the initial continuance and therefore within 'that portion of time lost by reason of the continuance' requested by plaintiff." *Id.* On appeal, the appellate court found no manifest error and affirmed the decision of the CSC. *Id.* In *Werner*, 487 So.2d at 600, the appellate court upheld the CSC's disallowance of backpay during the period of continuances granted at the request of the plaintiff.

In the case *sub judice*, Hall voluntarily delayed his return to work from November 13, 2023 to November 26, 2023. In accordance with *Willis* and *Werner*, he was not entitled to backpay during this period of delay. We find that the CSC did not abuse its discretion in denying his request for additional backpay.

**DECREE**

For the foregoing reasons, the November 15, 2023 amended decision and the July 19, 2024 order of the CSC are hereby affirmed.

**AFFIRMED**